# CITY OF ALTON

*v.*

## THE HARTFORD FIRE INSURANCE COMPANY.

1. EVIDENCE—*should be excluded unless competency of is shown, when objected to.* Though it may be a party is not to be controlled in the order of his testimony, yet if he offers evidence which is not competent without other connecting evidence, and it is objected to on that ground, and he does not state that he will show the connecting link in his chain of evidence, and does not show it, the evidence offered should be excluded.

2. CITY ORDINANCES—*when objected to as evidence, authority to pass them must be shown.* In a suit brought by a city to recover a penalty for the violation of a city ordinance, it is proper to exclude the ordinance, when offered in evidence, unless the plaintiff shows or offers to show that the city had the authority to pass the ordinance, and if such evidence is not offered, and there is no evidence except the ordinance itself, it is proper for the court to exclude it, and unless the plaintiff submits to a non-suit, to instruct the jury to return a verdict for the defendant.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. J. W. COPPINGER, for the plaintiff in error.

Mr. C. P. WISE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of debt for a penalty, brought by the city of Alton against the Hartford Fire Insurance Company, alleged to have been incurred by that company for failing to report the amount of premiums earned by it for the year 1872.

A judgment was rendered against the defendant company for the sum of fifty dollars, and an appeal taken to the circuit court, where a trial was had, resulting in a judgment for the defendants. To reverse this judgment, the plaintiffs bring the record here by writ of error.

The plaintiffs, to maintain their case, offered in evidence an ordinance of the city of Alton, adopted on the 11th of July, 1870, entitled "An ordinance regulating the licensing of insurance companies in the city of Alton." Objection was made to the introduction, by defendants, which the court allowed, and excluded it from the jury, and, plaintiffs offering no other testimony, the court directed the jury to find for the defendants, which they did. These are the errors assigned.

It is contended by plaintiffs, that they had a right to introduce the ordinance in evidence, without showing authority to pass such an ordinance. They insist they had a right to introduce it without any preliminary evidence. It was claimed by the defendants that the charter of the city conferred no power upon the municipality to pass such an ordinance. No attempt being made by the plaintiffs to remove this objection by a production of the charter, the ordinance had nothing on which to rest, and was properly excluded. It may be admitted a party is not to be controlled in the order of his testimony; what portion of it shall be first introduced; but if he fails to state he will show the connecting link in his chain of evidence, and does not show it, the court has no other course to take but to direct a verdict for the defendant; unless the plaintiff voluntarily submits to a non-suit.

Clearly, without warrant in the city charter, the ordinance had no validity, and was not evidence, for the city possessed no powers except such as are expressly granted, or such as are necessary to carry into effect a power expressly granted.

Plaintiffs say, the object of the ordinance was to enable the city of Alton to fix the basis for imposing a tax of two per cent upon insurance companies, to be applied to the support of the fire department, in conformity with the requirements of section 30 of an act entitled "Insurance," approved March 11, 1869.

That section is as follows: Every agent of any insurance company incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency, which shall be entered on the tax lists of the county, town, etc., and subject to the same rate of taxation for all purposes, etc., that other personal property is subject to at the place where located; said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided*, that the provisions of this section shall not be construed to prohibit cities having an organized fire department, from levying a tax or license for not exceeding two per cent, in accordance with the provisions of their respective charters, on said gross receipts, to be applied exclusively to the support of the fire department of such city. Sess. Laws 1869, p. 209, 228.

Clearly, it was incumbent on the plaintiffs to show the city of Alton had a fire department, to justify this levy. This record fails in this respect. *Van Inwayen* v. *City of Chicago*, 61 Ill. 31.

We think there is no error in this record. The constitutional question sought to be brought before us by the defendants in error will be considered and decided after full argument on both sides.

The judgment is affirmed.

*Judgment affirmed.*