CHRISTIAN SCHOTT

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. ORDINANCE—*preliminary proof to admission in evidence.* Where an ordinance of a town is objected to as incompetent evidence, the prosecution must show, or offer to show, that the town had authority to pass the same, and if the charter requires its adoption by a vote of the voters of the town, and its publication in a certain way before it takes effect, these must be proved before it can be received.

2. Where a town charter makes it the duty of the clerk of the town, immediately after the passage of any ordinance affecting the public, to post up copies thereof, one in each district, ten days before the same takes effect, this is mandatory, and can not be dispensed with, and without proof of such vote and publication an ordinance is not admissible in evidence if objected to.

3. SAME—*statute construed.* The section of chapter 51, Revised Statutes of 1874, which provides that papers, entries, records and ordinances of any city, town, etc., may be proved by a copy thereof, certified under the hand of the clerk, or the keeper thereof, etc., does not dispense with proof that the ordinance was submitted to a vote of the people and adopted, when so required by

89    195
129    550

89    195
47a    118

89    195
80a    166

89    195
183    372

89    195
183    372

89    195
114a    5381

the charter of a town, nor that it has been published as required by law. Its only effect is to dispense with the production of the original by making the copy evidence, which proves no more than the original would, if produced.

. 4. It is doubtless competent for the Legislature to enact that the simple production of an ordinance, or a copy thereof, shall be *prima facie* evidence that every step has been taken with reference to it, essential to make it valid.

5. MUNICIPAL CORPORATION—*powers limited.* Municipal corporations exercise only delegated and limited powers, and in the absence of statutory authority to that effect, courts are authorized to indulge in no presumptions in favor of the validity of their ordinances.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding,

Messrs. G. B. & F. W. BURNETT, for the appellant.

Messrs. METCALF & BRADSHAW, for the People.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellant was convicted and adjudged to pay a fine of $2 and costs of suit, for permitting a dog to run at large within the corporate limits of the town of Highland, contrary to the provisions of an ordinance of said town.

The alleged ordinance is claimed to be authorized by § 10 of "An act to incorporate the town of Highland, in Madison county," approved February 16, 1865, (Private Laws of 1865, Vol. 2, p. 476,) which is as follows:

"Sec. 10. The president and trustees shall have power for the abatement of nuisances and suppression of gaming and bawdy houses in said town, and to provide by ordinance what shall be deemed a nuisance: *Provided,* the ordinance declaring what shall be deemed a nuisance shall contain no provision on any other matter or subject, and before the same shall be of force, it shall be submitted to the voters of said town for their approval or rejection, in such manner as provided by ordinance, and if adopted by a majority of voters voting for or against the same, it shall be in force from and after the same is so adopted."

The 17th section of the act provides, that "no by-law or ordinance shall be in force until twenty days after the passage of the same, or such later period as may be fixed in any by-law or ordinance; and it shall be the duty of the town clerk to post up copies of all ordinances and by-laws affecting the public, under his certificate and the seal of the corporation, immediately after the passage of the same; and at least ten days before the same take effect, there shall be posted up one copy of the same in the most public place in the district. \* \* \* \* "

The 6th section divides the town into four districts.

There was no proof offered tending to establish that the ordinance had been submitted to the voters of the town for their approval or rejection; and the only evidence of publication was the testimony of John Weber, who said that "he saw two notices put up in at least two places in the town; thought they were put up in three places, but was not positive."

When the ordinance was objected to by appellant, as competent evidence, it devolved upon the people to show, or offer to show, that the town had authority to pass it. *City of Alton,* v. *Hartford Fire Insurance Company,* 72 Ill. 328. And inasmuch as the charter provides that before such ordinances shall be in force, they shall be submitted to the voters of the town for their approval or rejection, it was indispensable to its validity that it should be shown that this ordinance had been so submitted. Municipal corporations exercise only delegated and limited powers, and, in the absence of express statutory provisions to that effect, courts are authorized to indulge in no presumptions in favor of the validity of their ordinances. If in conformity with the express or necessarily implied grant in the charter, they are valid—otherwise not.

We think the language we have quoted from the 17th section of the act of 1865, as to the publication of the ordinance, is mandatory. Those who are to be affected by an ordinance should be informed, or have a reasonable opportunity to be informed, of its provisions and when it shall take effect, that

they may arrange their affairs and govern their conduct so as
to avoid liability under it.   This end is designed to be accom-
plished by this section, and we do not feel warranted in assum-
ing that it was intended it might be dispensed with.

The proof failing to show a publication as required by the
charter, the evidence of the ordinance should have been re-
jected.   *Trustees of Elizabethtown* v. *Lefler,* 23 Ill. 90; *New-
lan* v. *President and Trustees of Aurora,* 14 id. 364; *Barnett*
v. *President and Trustees, etc.,* 28 id. 62.

We are referred to sec. 14, chap. 51, Rev. Stat. 1874, en-
titled " Evidence and Depositions," which provides that "The
papers, entries, records and ordinances, or parts thereof, of any
city, village, town or county, may be proved by a copy there-
of, certified under the hand of the clerk, or the keeper thereof,
and the corporate seal, if there be any, if not, under his hand
and private seal."   The first clause of section 23 of the act of
1865, before referred to, is substantially the same.   But the
effect of this language is only to dispense with the production
of the original by making the copy evidence.   The copy proves
precisely what that of which it is a copy would prove if pro-
duced, and no more.   If the original had been here produced
instead of the copy, it would only have proved what it recited.
It would not have proved that it had been submitted to the
voters of the town for their approval or rejection, nor that it
had been posted in a public place in each of the four districts
of the town for ten days before the offense charged against
appellant was committed.   Proof of these things would have
had to be made otherwise than by the bare production of the
ordinance.

It is, doubtless, competent for the Legislature to enact that
the simple production of the ordinance or of a copy thereof
shall be *prima facie* evidence that every step has been taken
with reference to it, essential to make it a valid ordinance.
And this is the effect of sec. 65 of the general act in relation
to the incorporation of cities, towns and villages.   (Rev. Stat.
1874, p. 223.)   See *Byars* v. *The City of Mt. Vernon,* 77 Ill.

468. But the lánguage of the section quoted professes no such object. It does not say that the ordinance or a certified copy shall be *prima facie* evidence that all conditions precedent to its validity have been complied with, nor by any equivalent language import that the mere production of the ordinance or a certified copy shall be *prima facie* evidence of the validity of the ordinance, but it simply makes the certified copy evidence in the place of the original.

For the error in admitting the ordinance in evidence without the requisite preliminary proof, the judgment is reversed and the cause remanded.

*Judgment reversed.*