THE GRAYVILLE AND MATTOON RAILROAD COMPANY

*v.*

LYDIA CHRISTY *et al.*

| 92 | 337 |
|-----|-----|
| 123 | 298 |

1. RIGHT OF WAY—*assessment of damages as against several tracts of land and several owners.* Where the petition in a proceeding for the condemnation of land for a right of way for a railroad embraces several tracts of land, and avers that those several tracts are owned by several persons named, in the absence of anything to the contrary in the record it will be presumed the several persons named held as tenants in common,—so that in such case it would not be necessary for the jury to make a separate assessment upon each tract, so as to show the proportion of the judgment belonging to each of the owners.

2. But where several tracts of land belonging to different owners separately are embraced in one petition, doubtless it would be the duty of the jury to make a separate assessment for each tract.

APPEAL from the County Court of Richland county; the Hon. HORACE HAYWARD, Judge, presiding.

Messrs. WILSON & HUTCHINSON, and Mr. JOHN M. WILSON, for the appellant.

Mr. B. B. SMITH, and Mr. F. D. PRESTON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding commenced by the Grayville and Mattoon Railroad Company, to condemn certain lands for railroad purposes. A trial was had before a jury, and the damages assessed at $650. The railroad company appealed, and as grounds of reversal it is contended that the verdict is not sustained by the evidence; that the judgment is erroneous, because the verdict fails to show how much damage was done to each tract of land, and for the reason it is not shown what proportion of the judgment belongs to each appellee.

In regard to the amount of the verdict each witness for the land owners testified that the damages amounted to $1000, and the only witness for the company, Mr. St. John, who was interrogated on that subject, gave it as his opinion that the damages amounted to $800. In addition to this the jury went upon and examined the premises for themselves. Under such circumstances the verdict was as low as could have been expected, and we see no ground for disturbing it.

In regard to the other point, there is no doubt, where several tracts of land belonging to different persons are embraced in one petition, it would be the duty of the jury to make a separate assessment for each tract; but there was no necessity for distinct and separate assessments in this case, as it is alleged in the petition that the three tracts of land embraced in the petition were owned by appellees. Under such an averment, and the record containing no evidence to the contrary, we will presume that they owned as tenants in common. Had the three tracts been owned by appellees separately, then

of course a separate assessment of the damage done to each tract in favor of each owner would have been proper.

As the record contains no error, the judgment will be affirmed.

*Judgment affirmed.*