## Nancy A. Suver *et al.*

*v.*

### The Chicago, Santa Fe and California Railway Company.

*Filed at Ottawa November 11, 1887.*

1. Eminent Domain — *of the petition — its requisites, as showing the particular use intended.*    It is not necessary to state, in a petition for the condemnation of land for railroad purposes, the particular manner in which the land is to be used.    To show that, the petitioner may give in evidence its plans and specifications, and the defendant may have them produced, on motion.

2. Same — *sufficiency of petition as to purpose of condemnation.*    A petition by a railway company for the condemnation of land, after stating that the company had located its line of road over certain tracts of land specifically described, averred "that a part of each of said lands is necessary to petitioner for its right of way, side-tracks, depot and depot grounds, freight yards, shops, and appurtenances for the construction and operation of its said line of railroad:"    *Held,* that this averment was a sufficient statement of the purposes for which the property was sought to be taken.

3. Same — *defects in petition, how reached.*    If a petition for the condemnation of land is defective in stating the purpose of the taking, and the manner in which the land is to be used, the proper manner of taking advantage of the defect is by demurrer.

4. Same — *description of land taken — in the verdict and judgment.*    A petition for the condemnation of land by a railway company for a right of way, etc., described the land over which the right was sought, as "lot 1, of N. W. ¼ of sec. 34, containing one hundred and six acres."    The part to be taken was described as "a strip of land * * * two hundred feet wide, for a distance of eleven hundred and fifty-one feet across the tract fifthly above described, commencing at a point where the line of said railway, as now located and staked out, enters said tract, coming from the east and going toward the west, and one hundred feet in width across the balance of

said tract, * * * said strips of land being fifty feet and one hundred feet in width on each side of the center line of said railway, as now surveyed, located and staked out across," etc. The verdict and judgment describe the land taken as "the land taken for right of way across the one hundred and six acres, as described in the petition:" *Held,* that the description of the land taken was sufficiently certain by reference to the petition.

5. SAME—*of the verdict, where there are several owners.* Where separate tracts of land are alleged in the petition to belong to separate persons, respectively, the jury must find the compensation due each owner for the particular tract belonging to him. But when the petition avers that a particular tract is owned by several persons, they will be presumed to be tenants in common, in the absence of proof to the contrary; and in such case the verdict may find a gross amount to be paid to the defendants.

6. SAME—*presumption in support of verdict.* In the absence of a bill of exceptions showing the evidence before the jury, a verdict awarding a gross sum for compensation for the land taken, and damages to the part not taken, will not be held erroneous, on appeal or writ of error. It will be presumed the evidence justified such a finding.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. KIRKPATRICK & ALEXANDER, and Mr. W. C. NORCROSS, for the plaintiffs in error:

The petition should state the purpose for which each tract is taken. Rev. Stat. chap. 47, sec. 2.

The verdict and judgment are erroneous, because each gives a gross amount of compensation and damages to the three defendants, instead of each person interested. *Bowman* v. *Railway Co.* 102 Ill. 465; *Railroad Co.* v. *Bryant,* 57 id. 473; Mills on Eminent Domain, sec. 267.

The land condemned should be described with reasonable certainty. This should be done in the petition and followed in the judgment. *Railroad Co.* v. *Turner,* 68 Ill. 187.

The jury should have made a verdict in which should have been given the value of the land taken, and also the amount of damages, and a description of the land taken, and the judgment should have conformed thereto. *Railroad Co.* v. *Bryant,* 57 Ill. 478.

The verdict and judgment are erroneous, in that they do not separate the amount of compensation for the land taken from the damages to that not taken. *Railroad Co.* v. *Bryant,* 57 Ill. 473; *Hays* v. *Railroad Co.* 54 id. 373.

Mr. R. J. GRIER, for the defendant in error:

The purpose for which the land is sought is set out in the petition. If the particular manner in which it is to be used is not set out, the petitioner has the right to introduce its plans and specifications in evidence, and the defendants have the right to compel their production, on motion, each of which was done.

In the absence of a bill of exceptions, this court will indulge every reasonable and legal presumption for the purpose of sustaining the judgment.

That the evidence was sufficient to justify the judgment, see *Grout* v. *Grout,* 72 Ill. 456; *Davis* v. *Taylor,* 41 id. 405; *Clark* v. *Willis,* 16 id. 61; *McCormick* v. *Gray,* id. 138.

That the judgment was authorized by the facts before the court, see *Choate* v. *Hathaway,* 73 Ill. 518; *People* v. *Green,* 54 id. 280; *Howell* v. *Morton,* 78 id. 162; *Cunningham* v. *Craig,* 53 id. 252; *Railroad Co.* v. *Miller,* 62 id. 468.

The petition sets out as to this one hundred and six acre tract in dispute, that plaintiffs in error "are the owners, or have or claim some interest in said above described tract of land, as appears by the records of said Warren county," in accordance with the statutes.

In aid of the judgment, then, and without precedent, we should argue that the court would presume them to be tenants in common of the land, (which they in fact are,) no evidence to the contrary being in the record. But this question has been expressly decided in *Grayville and Mattoon Railroad Co.* v. *Christy,* 92 Ill. 337. And the court will notice that that case decides several of the questions arising in the one at bar, as what we quote will show.

Being, then, tenants in common, under this record, they had a right to require that their compensation should be assessed in a gross sum, if they think it to their advantage. *Bowman* v. *Railway Co.* 102 Ill. 465.

The court will not presume damages to the land not taken, and in the absence of a bill of exceptions it will be presumed the verdict was right.

We shall consider the third and fifth points made by plaintiffs in error, together. These both refer to the description of the strip of land sought to be taken. The law requires that the lands shall be described with reasonable certainty. *Railroad Co.* v. *Turner*, 68 Ill. 187.

It is sufficient if a surveyor could readily find and locate the land. *Village of Byron* v. *Blount*, 97 Ill. 62.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a condemnation proceeding instituted by the defendant in error, the Chicago, Santa Fe and California Railway Company, against the plaintiffs in error, Nancy A. Suver, Leonidas G. Suver, Margaret S. Walker and William J. Walker, her husband, and others, in the circuit court of Warren county.

*First*, it is objected, that the petition is insufficient as failing to state the purpose for which the land is sought to be condemned.

Section 2 of the Eminent Domain act (Rev. Stat. chap. 47) requires, that the petition shall set forth "the purpose for which said property is sought to be taken or damaged." The requirement of the statute is complied with, if the petition shows that the land is needed for railroad purposes. (*Chicago, Rock Island and Pacific Railway Co.* v. *Smith*, 111 Ill. 363.) In the case at bar, the petitioning railroad, after stating that it has located its line of road over certain tracts of land, specifically described, avers "that a part of each of said lands is necessary to petitioner for its right of way, side-tracks, depot and depot grounds,

freight yards, shops and appurtenances for the construction and operation of its said line of railroad." We think this averment is a sufficient statement of the purposes for which the property is sought to be taken. As to the particular manner in which the land was to be used, the petitioner had the right to introduce its plans and specifications in evidence, and the defendants had the right to have them produced on motion. It was not necessary to set them out in the petition. Even if the petition was defective in the respect here suggested, the proper mode of taking advantage of the defect was by demurrer. Defendants did not demur.

*Second,* the verdict and judgment are claimed to be erroneous, on the ground that each gives a gross amount of compensation and damages to the three defendants, and not to each person interested the particular amount to which such person is entitled.

The ninth section of the Eminent Domain act requires the verdict to "clearly set forth and show the compensation ascertained to each person thereto entitled, and the said verdict shall thereupon be recorded." The verdict in this case is as follows:

"We, the jury, find the amount to be paid to Nancy A. Suver, Leonidas G. Suver and Margaret S. Walker, as compensation for the land taken for right of way across the one hundred and six acres, as described in the petition, and for the damages to the portions of said one hundred and six acres not taken, is nineteen hundred and twenty-five dollars ($1925.)"

The averments of the petition as to ownership by the plaintiffs in error are as follows: "Your petitioner further shows that it has located its line of road over and upon the following described property, to-wit: * * * 5. Lot 1 of N. W. ¼ of section 34, containing one hundred and six acres. * * * Your petitioner further shows that the following persons are the owners or have or claim some interest in said above described tracts of land or some of them, as appears by the records of said Warren county, as follows: * * * In the tract fifthly

above described Nancy Suver, Leonidas G. Suver, Margaret S. Walker and William J. Walker, her husband."

Where separate tracts of land are alleged in the petition to belong to separate persons respectively, the jury must find the compensation due each owner for the particular tract belonging to such owner. But where the petition avers that a particular tract is owned by several persons, such persons will be presumed to be tenants in common in the absence of proof to the contrary, and, in such case, the verdict may find a gross amount to be paid to the defendants, so presumed to be tenants in common. *G. and M. Railroad Co.* v. *Christy et al.* 92 Ill. 337.

In the case at bar, we find no bill of exceptions in the record. It does not appear from the record that any proof was introduced showing the nature of the interests owned by plaintiffs in error in the tract of one hundred and six acres. There is nothing to indicate that their interests were other than those of tenants in common. It follows, that, under the allegations of the petition, as above quoted, the plaintiffs in error were rightly presumed to be the owners of the one hundred and six acres, as tenants in common, and the verdict was not erroneous in finding a gross sum to be paid them for their compensation. Moreover, it nowhere appears, that the plaintiffs in error made any objection to the form of the verdict in the court below, or took any exception whatever to the fact that a separate amount was not awarded to each one of them.

*Third,* it is further objected that no proper description of the land is contained in either the verdict or judgment. We do not think that this objection is well taken. The verdict and judgment speak of "the land taken for right of way across the one hundred and six acres *as described in the petition.*" The one hundred and six acres is the tract *fifthly* described in the petition and is there described as "lot 1 of N. W. $\frac{1}{4}$ of sec. 34, containing one hundred and six acres." The part to be taken out of the one hundred and six acres is described in the petition as "a strip of land  *  *  *  two hundred feet wide for a

distance of eleven hundred and fifty-one feet across the tract fifthly above described, commencing at the point where the line of said railway as now located and staked out enters said tract, coming from the east and going towards the west, and one hundred feet in width across the balance of said tract fifthly above described, * * * the said strips of land being respectively fifty feet and one hundred feet in width on each side of the center line of said railway as now surveyed, located and staked out across each of said tracts of land respectively."

The descriptions in the petition of the land taken and of the tract out of which it was to be taken were reasonably certain, and it was sufficient, that the verdict and judgment referred to the descriptions, as contained in the petition.

*Fourth,* it is further objected, that the verdict does not find the amount of damage to the land not taken separately from the amount of compensation for the land taken. In reply to this it is sufficient to say, that, as there is no bill of exceptions, it does not appear, that the land not taken was proven to have been damaged. It is not shown that, if there was any damage to the land not taken, the amount of such damage was shown separately from the value of the land taken. The verdict finds the amount to be paid, as compensation for the strip taken and as damages for the part not taken, to be $1925. We can not say, that the verdict does not correspond with the proof. It may be that the proof designated $1925 as the amount, to which plaintiffs in error were entitled both for the value of the land taken *and* for damages to the land not taken, without distinguishing what part of the $1925 represented compensation and what part represented damages.

We find no material error in the record. The judgment of the circuit court is affirmed.

*Judgment affirmed.*