THE METROPOLITAN WEST SIDE ELEVATED RAILWAY COMPANY, Appellee, *vs.* BERTHA ESCHNER *et al.* Appellants.

*Opinion filed February 20, 1908.*

1. EMINENT DOMAIN—*question of title not triable by the jury.* The only issue triable by the jury in a condemnation case is the question of damages and compensation, and the question of title is preliminary and must be determined before the jury is empaneled.

2. SAME—*petitioner should ascertain and allege ownership of land.* The petitioner in a condemnation proceeding should ascertain and allege the ownership of the land, but while the averments as to title are binding upon the petitioner they are not binding upon the defendants, and the latter may require the court to determine that question before the jury is empaneled.

3. SAME—*effect of averments as to title.* Defendants to a condemnation petition alleging that the tract of land is owned by the several defendants will be presumed, in the absence of proof to the contrary, to be tenants in common, and the verdict may find a gross amount to be paid to them; and if there is no averment of a less title or of any encumbrance, the defendants will be regarded as owning an unencumbered title in fee simple.

4. SAME—*evidence as to title is not competent on issue tried by jury.* Evidence relating to title is not competent upon the issue to be tried by the jury in a condemnation proceeding, but where a conflict of interest among the defendants is disclosed, the court should order the compensation awarded to be paid to the county treasurer and require defendants to present their respective claims thereto to the court.

5. SAME—*court may consider equitable interests in distributing condemnation money.*  In determining the claims of the various defendants to condemnation money which has been paid to the county treasurer for their use, the court is not restricted to mere legal titles but will ascertain the respective rights of the defendants, whether legal or equitable, and award to each compensation for his interest.

6. EVIDENCE—*what is not proof of title.*  A warranty deed to premises, without proof of possession or title in the grantor, is not proof of title in the grantee; nor is a tax deed, without a judgment or precept.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

JACOB GLOS, *pro se;* JOHN R. O'CONNOR, for appellant Emma J. Glos.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Metropolitan West Side Elevated Railway Company filed its petition in the superior court of Cook county to condemn several pieces of real estate, including the south fifty feet of lots 19 and 20, in block 6, of Carey's subdivision of a certain tract in that county.  Eighteen persons, including Thomas E. Gilpin, Jacob Glos and Emma J. Glos, were alleged to be the persons interested, as owners or otherwise, in the above described premises and were made defendants to the petition, but their interest was not otherwise set out in the petition.  Gilpin, Jacob Glos and Emma J. Glos entered their appearance, and Jacob Glos and Emma J. Glos filed answers, in which they alleged that they were the owners of and interested in the premises in question.  Gilpin filed no answer.  On the trial, evidence was offered by the petitioner as to the value of the land taken and the damages to the land not taken, which evidence was not controverted by the defendants.  Gilpin then offered in evidence a certified copy of a warranty deed for the premises in question to one Adolph C. Weise, dated

August 17, 1889, and one from Weise and wife to Lyman H. Vincent, dated August 13, 1891, and the original warranty deed from Vincent to Gilpin, dated October 13, 1896, which were all admitted over the objection of Glos. The court refused to admit three tax deeds to Glos and wife, together with proof of the payment of taxes by them. The court thereupon instructed the jury that Gilpin was the owner of the premises and entitled to the amount of damages assessed, and a verdict was returned accordingly, upon which, after the overruling of a motion for a new trial, judgment was entered, authorizing the railway company to enter upon and appropriate the land upon payment to Gilpin, or to the county treasurer for him, of the amount of the award. Subsequently a stipulation was entered into between the railway company and Gilpin that out of the $400 damages awarded there might be paid all forfeitures to the State for taxes and special assessments, including the taxes of 1906, and the receipts for the same, signed by the proper officer or collector, should be received by Gilpin in lieu of cash, and in case Gilpin should thereafter secure quit-claim deeds from Glos and wife, the interest thereby acquired should be quit-claimed to the railway company without further consideration. To review the judgment entered upon the verdict Jacob Glos and Emma J. Glos have appealed to this court.

In condemnation cases the jury is empaneled merely to ascertain and report the just compensation to the owner of the property sought to be taken or damaged. (*Lieberman* v. *Chicago Rapid Transit Railroad Co.* 141 Ill. 140.) No issue as to the ownership can be presented to the jury. The question of title, if any, is preliminary to the submission of the question of damages to the jury and must be determined before the jury is empaneled. (*Chicago and Milwaukee Electric Railroad Co.* v. *Diver,* 213 Ill. 26.) The petitioner is required to ascertain and allege the ownership of the land sought to be taken. To ascertain the

compensation to be paid is the sole object of the petition, and the amount is the only issue. The persons named in the petition as owners are not required to prove their title. (*Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 Ill. 316; *St. Louis and Southeastern Railway Co.* v. *Teters,* 68 id. 144; *Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie,* 63 id. 264.) Where the petition alleges that a tract of land is owned by several persons, they will be presumed to be tenants in common in the absence of evidence to the contrary, and the verdict may find a gross amount to be paid to the defendants. (*Suver* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 293; *Grayville and Mattoon Railroad Co.* v. *Christy,* 92 id. 337.) The averments of the petition as to the title of the defendants are binding on the petitioner but are not binding on the defendants, and on a proper issue the court may determine the question. Where there is no averment of a less title or of any encumbrance, the defendants will be regarded as owners of an unencumbered title in fee simple. *Sanitary District of Chicago* v. *Pittsburg, Fort Wayne and Chicago Railway Co.* 216 Ill. 575.

None of the deeds which were offered was competent evidence on the issue being tried. The question of the respective titles of the parties was not for the consideration of the jury. But it did not affect the verdict. There is no ground of complaint as to the assessment of the compensation to be paid. The only effect of the evidence is to disclose that there is a conflict of interest among the defendants. A warranty deed of premises, without proof of possession or title in the grantor, is not proof of title in the grantee. (*Glos* v. *Miller,* 213 Ill. 22.) Neither is a tax deed without a judgment or precept. (*Gage* v. *Thompson,* 161 Ill. 403.) The amount of the compensation has been ascertained and no complaint is made in regard to it. The only difficulty arises out of the conflict of title among the defendants. On the evidence it is impossible for the court

to determine to whom the amount awarded should be paid. The statute authorizes the payment of the compensation adjudged, to the county treasurer, to be paid by him, on demand, to the party entitled thereto. In the state of this record such an order should have been made and the parties required to present to the court their respective claims to the fund. *Eddleman* v. *Union County Traction Co.* 217 Ill. 409.

The question of title being preliminary to the assessment of damages, should have been determined before the jury was sworn, in order that the damages of each owner might be separately assessed. No such question was raised before the jury was empaneled. It could not arise during the trial before the jury, where questions of value and damages, only, could be considered. It appearing, however, that there are questions of title among the various defendants which the parties neglected to present at the proper time, the irregularity in not having determined such questions before the assessment of the damages must be regarded as waived, and it will be the duty of the court to decide such questions in ordering payment of the compensation to the respective defendants. In determining such questions the court will not be restricted to mere legal titles, but will ascertain the rights of the respective owners in the property appropriated, whether such rights are legal or equitable in their nature. The compensation to be assessed to each owner is compensation for all his interest in the property sought to be taken, whether such interest is legal or equitable.

The judgment of the superior court will therefore be reversed and the cause remanded to that court, with directions to order the compensation awarded by the jury to be paid to the county treasurer of Cook county, to be paid by him to the parties entitled thereto, as hereafter ascertained by the court, and requiring the parties to present to the court their respective claims to such compensation.

*Reversed and remanded, with directions.*