MARIE M. BAUER, Appellee, *vs.* JACOB GLOS *et al.* Appellants.

*Opinion filed October 26, 1908—Rehearing denied Dec. 4, 1908.*

1. CLOUD ON TITLE—*bill must be dismissed in absence of proof of ownership by complainant.* A bill to quiet title to unoccupied premises should be dismissed where the only evidence introduced to establish complainant's ownership is a master's deed executed pursuant to a decree of sale and *mesne* conveyances to the complainant, there being no proof of title in, or possession by, any of the grantors or any of the parties to the decree of sale.

2. SAME—*costs should not be decreed against a defendant to whom no tender was made.* In decreeing the cancellation of a tax deed and conveyances by the holder of such deed as clouds upon the complainant's title, it is error to decree a portion of the costs against a defendant to whom no tender was made, before the filing of the bill, of the amount equitably due such party.

APPEAL from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN R. O'CONNOR, (JACOB GLOS, *pro se,*) for appellants.

ALBERT H. FRY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee, Marie M. Bauer, filed a bill to quiet her title to certain premises in Cook county, against Jacob Glos, Emma J. Glos and August A. Timke, the appellants, and thereby sought to have canceled as a cloud upon her title a certain tax deed to Jacob Glos and certain conveyances from Jacob Glos to the other defendants. The answers of the appellants put in issue appellee's ownership of the premises. The court decreed the relief prayed for, and the defendants appealed.

The only evidence of appellee's ownership was a master's deed to Henry Bauer, dated October 15, 1900, executed pursuant to a decree of the superior court of Cook county and a sale thereunder, and subsequent deeds from Henry Bauer and wife to Albert Bauer, and from Albert Bauer to appellee. The premises were unoccupied, and there is no evidence of title or possession in appellee or her grantors, or any of the parties to the decree by virtue of which the master's deed was made. A deed for land without proof of possession or title in the grantor is not proof of title in the grantee. (*Metropolitan Elevated Railway Co.* v. *Eschner,* 232 Ill. 210; *Glos* v. *Miller,* 213 id. 22.) In order to maintain her bill it was necessary for appellee to prove her ownership of the premises. (*Hewes* v. *Glos,* 170 Ill. 436.) In the absence of such proof her bill should have been dismissed.

· It was also error to decree one-third of the costs against the appellant Emma J. Glos, as no tender was made to her, before filing the bill, of the amount equitably due her for taxes paid. *Gage* v. *Goudy,* 141 Ill. 215; *Glos* v. *Adams,* 204 id. 546.

The decree is reversed and the cause remanded.

*Reversed and remanded.*