MARIE M. BAUER, Appellee, vs. JACOB GLOS et al.
Appellants.

*Opinion filed April 21, 1910.*

1. EVIDENCE—*what must be shown in affidavit laying founda-
tion for admitting abstract of title.*  An affidavit presented under
section 24 of the Records act to lay the foundation for the admis-
sion of an abstract of title in evidence must state not only that
the original deeds or instruments are lost or destroyed, but also
that the records thereof are destroyed, by fire or otherwise.

2. SAME—*an affidavit for laying foundation for introducing ab-
stract of title must be made by a party to suit or his agent.*  An
affidavit made under section 24 of the Records act to lay the foun-
dation for introducing an abstract of title in evidence must be
made by a party to the suit or his agent or attorney, and the re-
lation of agent or attorney must appear from the affidavit itself.

3. SAME—*when defect in affidavit is not cured by second affi-
davit.*  The failure of an affidavit for introducing an abstract of
title in evidence to state that the records are destroyed by fire or
otherwise is not cured by an affidavit containing such statement,
which was made by a person not appearing to be the agent or at-
torney of a party to the suit, for the purpose of showing that the
copy of the abstract of title was a true copy, as required by the
last clause of section 24 of the Records act, making sworn copies
of instruments admissible.

4. SAME—*what must appear in affidavit made under section 36
of Conveyances act.*  An affidavit intended to lay the foundation,
under section 36 of the Conveyances act, for the admission of the
record of instruments and documents in evidence, must show not
only that the original instruments are lost or destroyed and not in
the power of the party to produce them, but also that they were
not intentionally destroyed or in any manner disposed of for the
purpose of introducing a copy thereof in place of the original.

5. COSTS—*when appellee is required only to pay costs in appel-
late tribunal.*  Where a judgment is reversed on appeal and the
cause remanded for a trial *de novo,* the appellee, unless it is other-
wise ordered, is required to pay only the costs in the appellate
tribunal, and the costs in the trial court will abide the final deter-
mination of the suit.

APPEAL from the Superior Court of Cook county; the
Hon. ARTHUR H. CHETLAIN, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

ALBERT H. FRY, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Marie M. Bauer filed her bill in the superior court of Cook county on May 4, 1907, against Jacob Glos, Emma J. Glos and August A. Timke, alleging that she was the owner of certain premises therein described, for the purpose of removing a tax deed issued to Jacob Glos in September, 1899, as a cloud upon complainant's title, on the ground that there was no valid precept to the judgment upon which the tax sale was made and that illegal costs and fees were included in the judgment. The bill alleges that Jacob Glos conveyed an undivided one-third interest in said premises to Emma J. Glos and executed a trust deed to August A. Timke to secure an alleged indebtedness to him, both of which last named instruments were executed prior to the filing of the bill. This bill was answered by all the defendants, and upon a hearing before the master the complainant offered a deed from a master in chancery to Henry Bauer, dated October 15, 1900, and by subsequent conveyances connected herself with the title conveyed by the master's deed. The court rendered a decree in accordance with the prayer of the bill and ordered that Emma J. Glos pay one-third of the costs. From this decree an appeal was taken to this court, and at the October term, 1908, an opinion was filed reversing the decree and remanding the cause because the court had erred in finding that the complainant was the owner of the premises, and for the further reason that the court had erred in requiring Emma J. Glos to pay one-third of the costs, in the absence of proof showing that a tender had been made to her of the taxes paid by her upon her undivided interest in the premises. The opinion of this court is reported as *Bauer* v. *Glos,* 236 Ill. 450. It was held on the former

hearing by this court that in order to maintain her bill it was necessary for the complainant to prove that she was the owner of the premises as alleged in her bill, and that proof that she had succeeded to the title through a master's sale and deed, without connecting such proceeding with any source of title and without proof of possession either in complainant or her grantors, was not such evidence of ownership as the law required. After the reversal and re-instatement the cause was again tried, and from a decree again finding for the complainant the present appeal is prosecuted.

Upon the last trial of the case appellee attempted to establish a fee simple title in herself from the government of the United States. For the purpose of laying a foundation for the introduction of a certified copy of an abstract of title to the premises involved and the record of certain other instruments affecting the title to the premises, appellee filed the following affidavit in said cause:

"Albert H. Fry, being first duly sworn, deposes and says that he is the solicitor for the complainant in the above entitled cause; that the original documents referred to in a certain certified copy of abstract dated June 7, 1867, document No. 70,625, or any of them, are not in the possession of the complainant; that they have been either lost or destroyed and it is not in the power of the complainant to produce them.

"Deponent further says that master's certificate from Alexander F. Stevenson, master in chancery, to Henry Bauer, dated April 4, 1899, filed for record April 7, 1899, in the office of the recorder of Cook county as document No. 2,803,353 and recorded in book of records No. 6330 at page 637; affidavit of Fred Krumsieg, dated October 26, 1888, filed for record October 27, 1888, in the office of the recorder of Cook county as document No. 1,021,955 and recorded in book of records No. 2377 at page 637; quit-claim of Friedericka Lembcke to Sophia Bauermeister,

dated October 5, 1888, and filed for record in the office of the recorder of Cook county as document No. 1,013,151 and recorded in book of records No. 2456 at page 162; plat of a subdivision of part of lot one (1) in Richon & Bauermeister's subdivision, dated April 15, 1893, and recorded in the office of the recorder of Cook county as document No. 1,849,659 and recorded in book 60 of plats on page 23; trust deed by Sophia Bauermeister to Henry Bauer, dated October 1, 1897, and filed in the office of the recorder of Cook county October 22, 1897, as document No. 2,604,978 and recorded in book of records No. 6149 at page 119, are not in the possession of the complainant, and that the originals of said document are lost or destroyed and that it is not in the power of the complainant to produce the same."

It will be noted that the first paragraph of the above affidavit is intended to lay the foundation for the introduction of an abstract of title in accordance with the provisions of section 24 of chapter 116, Hurd's Revised Statutes of 1908. That section of the statute provides, in part, as follows: "Whenever, upon the trial of any suit or proceeding which is now or may hereafter be pending in any court in this State any party to such suit or proceeding, or his agent or his attorney in his behalf, shall orally in court or by affidavit to be filed in such cause, testify and state under oath that the originals of any deeds or other instrument in writing, or records of any court relating to any lands, the title or any interest therein, being in controversy in such suit or proceeding, are lost or destroyed, or not within the power of the party to produce the same, and that the records thereof are destroyed by fire or otherwise, it shall be lawful for such party to offer, and the court shall receive as evidence any abstract of title, or letter-press copy thereof, made in the ordinary course of business prior to such loss or destruction."

The requirement of this statute is, that the affidavit shall show that the original deeds or other instruments or court records are lost or destroyed, and "that the records thereof are destroyed by fire or otherwise," before such abstract can be received in evidence. The affidavit made by appellee's solicitor omits entirely the necessary fact of the loss of the records of such instruments. This objection was specifically made when the abstract was offered in evidence and is insisted upon in appellants' brief. The requirements of the statute were not complied with and the objection to the abstract should have been sustained.

Appellee contends that this objection is removed by another affidavit made by J. Frank Graf and attached to the copy of the abstract offered in evidence. In that part of section 24 of the statute following the quotation which we have made therefrom, it is provided that "a sworn copy of any writing admissible under this section made by the person or persons having possession of such writing, shall be admissible in evidence in like manner, and with like effect, as such writing, provided the party desiring to use such sworn copy as evidence shall have given the opposite party a reasonable opportunity to verify the correctness of such copy." The affidavit of J. Frank Graf, which appellee relies on as curing the defect in the affidavit of Fry, is made under that portion of the statute last above quoted and is intended to properly authenticate the copy of the abstract offered in evidence. He states that the attached document is a true and correct copy of the original abstract made by Wilmanns & Pasdeloup in the ordinary course of business, and that said Wilmanns & Pasdeloup were, at the time of making said abstract, engaged in the business of making abstracts for hire. In this affidavit it is also stated "that said original records were destroyed by fire." Conceding that the affidavit of Mr. Graf was sufficient to authorize the use of a copy of the abstract instead of the original,

still the statement in his affidavit that the original records were destroyed by fire cannot supply the omission to state this fact in the affidavit required to be filed by the party to such suit or proceeding, "or his agent or his attorney in his behalf," as required by the first part of section 24 above quoted. Mr. Graf's affidavit does not show that he is either the attorney or agent of appellee and the affidavit does not purport to be made by him in her behalf. The affidavit required under that portion of the statute first above quoted can only be made by the party to the suit or his agent or attorney, and in case such affidavit is made by an agent or attorney on behalf of the party to the suit, such relation must appear from the affidavit itself.

The second paragraph of Mr. Fry's affidavit is intended to lay the foundation for the introduction of the record of certain instruments and documents therein referred to, other than those covered by the abstract. This portion of the affidavit is an attempt to comply with section 36 of chapter 30, which relates to the preliminary proof necessary to admit a record in evidence under our Conveyance act. That section of the statute is as follows: "Whenever upon the trial of any cause in law or equity in this State, any party to said cause, or his agent or attorney in his behalf, shall, orally in court, or by affidavit to be filed in said cause, testify and state under oath that the original of any deed, conveyance or other writing, of or concerning lands, tenements and hereditaments, which shall have been or may hereafter be acknowledged or proved according to any of the laws of this State, and which, by virtue of any of the laws of this State, shall be required or be entitled to be recorded, is lost, or not in the power of the party wishing to use it on the trial of any such cause, and that to the best of his knowledge said original deed was not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in place of the original, the record of such deed, conveyance or other writing, or a

transcript of the record thereof, certified by the recorder in whose office the same may have been or may hereafter be recorded, may be read in evidence in any court in this State, with like effect as though the original of such deed, conveyance or other writing was produced and read in evidence."

By reference to the affidavit it will be seen that it fails to state that the original instruments were "not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof in place of the original." This requirement of the statute is mandatory and cannot be dispensed with. (*Bowman* v. *Wettig*, 39 Ill. 416; *Scott* v. *Bassett,* 174 id. 390; *Same* v. *Same,* 186 id. 98; *Same* v. *Same,* 194 id. 602.) The preliminary proof was insufficient, both as regards the abstract and also the instruments referred to in the second paragraph of the affidavit.

Appellants contend that the court erred in taxing two-thirds the costs to Jacob Glos which accrued prior to the first appeal. Appellants contend that the reversal of the first decree by this court was an adjudication that appellee should pay all the costs in the case, including the costs made in the trial court prior to the appeal. This contention would undoubtedly be sound if the reversal had been on the ground that appellee had no cause of action whatever against appellants, but where, as in this case, a reversal is had for some error in the record and the cause is remanded for a trial *de novo,* such reversal is not an adjudication that the appellee should pay all the costs, including those which accrued in the trial court. In such case the appellee is required to pay, unless otherwise ordered, only the costs in the appellate tribunal. The costs in the trial court will abide the final determination of the cause.

This cause will have to be reversed for the errors pointed out, but since appellants have filed an abstract of record of undue and unnecessary length, containing numer-

ous speeches made in the trial court by appellants' counsel under the guise of objecting to evidence, two-thirds of the cost of the abstract will be taxed to appellants.

The decree is reversed and the cause remanded.

*Reversed and remanded.*