Mrs. James B. Martin, Appellee, v. Jacob Glos et al., On Appeal of Jacob Glos, Appellant.

### Gen. No. 15,120.

INJUNCTIONS—*what essential to maintain, restraining issuance of tax deed.* In a bill to restrain the issuance of a tax deed in which the ownership of the real estate which forms the subject-matter of the suit is alleged and denied, it is essential in order that an injunction issuing upon such bill be sustained, that the evidence establish such allegation of ownership.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed May 19, 1910.

JOHN R. O'CONNOR, for appellant.

No appearance by appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Appellee instituted a suit, from the final decree in which Jacob Glos prosecutes this appeal. Appellee has failed to appear and defend against this appeal.

The bill filed by appellee seeks to enjoin the County Clerk of Cook county from issuing, and appellant Glos from receiving, a tax deed conveying certain real estate in Cook county theretofore sold for non-payment of certain taxes. A temporary injunction was granted in accord with the prayer of the bill, which upon final hearing was made permanent.

A material averment of the bill is that appellee was the owner of the real estate the subject-matter of the suit; that her husband took the title in his name and afterwards conveyed the property to her. This averment is put in issue by the answer of Glos. It appears that appellee resided at Sioux City in the State of Iowa, and her deposition in support of her bill was taken at that place. She testified that she bought the

property in July, 1896; that title was taken in the name of her husband, James Martin; that in 1902 James Martin conveyed the property to her; that she had the deed in her possession, which deed she attached to her deposition as Exhibit A. An examination of Exhibit A discloses that it is in form a warranty deed from S. Maria Jones and Samuel A. Jones, her husband, to James Martin, conveying the premises described in the bill and final decree.

The difficulty here is of the same character found to be inherent in Bauer v. Glos, 236 Ill. 450. It was there held indispensable to the right to maintain the bill that the complainant prove title in herself, and that without such proof the relief prayed could not be granted. Appellee averred title in herself and proved by deed that the title was vested in her husband, James Martin. While for some purposes husband and wife are treated as a unit, that doctrine cannot be extended to the ownership of real estate in the teeth of averment and proof to the contrary. For failure to sustain the averment of ownership, the bill should have been dismissed. Numerous decisions of our Supreme Court will be found in harmony with the doctrine of the Bauer case *supra.*

For the error indicated the decree of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*