JOHN R. THOMPSON, County Treasurer, *vs.* NICHOLAS STREIT *et al.*—(CATHERINE S. FAY *et al.* Plaintiffs in Error, *vs.* ADAM J. KASPER, Defendant in Error.)

*Opinion filed October 26, 1912—Rehearing denied Dec. 4, 1912.*

PRACTICE—*when an appeal in a controversy over condemnation fund does not lie to Supreme Court.* An appeal from the decision of the court on a bill of interpleader by the county treasurer to determine the ownership of a fund in his hands representing the value of the improvements upon land condemned does not lie to the Supreme Court, where the controversy does not depend upon the ownership of the freehold and no complaint is made of that part of the decree disposing of fund awarded for the land itself.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

CHARLES S. HARMON, and ENOCH J. PRICE, for plaintiffs in error.

ADLER & LEDERER, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

In 1907 the South Park Commissioners instituted proceedings to condemn two lots on the south-west corner of Princeton avenue and Forty-fifth street, in the city of Chicago. The jury returned a verdict valuing the two lots at $3226.25 and the improvements thereon at $2690. The South Park Commissioners in 1908 paid the total award for the lots and improvements into the hands of the county

treasurer of Cook county. A dispute arising as to this fund, the county treasurer in July, 1908, filed a bill of interpleader in the circuit court, making all the claimants parties. After the pleadings were settled and a hearing was had thereon, that court found that the title to said two lots was in plaintiffs in error, but that defendant in error, Adam J. Kasper, owned the improvements, and a decree was entered awarding the value of the said lots ($3226.25) to plaintiffs in error and the value of said improvements ($2690) to the defendant in error, Adam J. Kasper. From that decree this writ of error was sued out.

The sole question at issue in this case is whether defendant in error, Kasper, or plaintiffs in error, are entitled to that portion of the fund awarded by the jury as the value of the improvements. Neither defendant in error nor plaintiffs in error complain of that part of the decree which gave the value of the land to the plaintiffs in error. The question as to the ownership of the fund awarded for the improvements does not depend for its decision in this court, on this record, on who owned the freehold. In the original pleadings Kasper claimed a fee simple title to the lots by color of title under the Limitation act, but he makes no such claim here. A freehold is not involved so as to bring this case directly from the trial court to this court. *Martin* v. *Small,* 254 Ill. 128, and cases cited.

*Metropolitan Elevated Railway Co.* v. *Eschner,* 232 Ill. 210, and *Chicago and Northwestern Railway Co.* v. *Garrett,* 239 id. 297, relied on by plaintiffs in error, were appeals from the findings on cross-petitions in condemnation proceedings themselves, and as the statute requires appeals in condemnation proceedings to be brought directly to this court, those cases are not here in point.

The cause will be transferred to the Appellate Court for the First District. *Cause transferred.*