KANKAKEE & ILLINOIS RIVER RAILROAD COMPANY

*v.*

HANNAH E. CHESTER.

1. ASSESSMENT OF DAMAGES—*right of way*. In a proceeding to condemn a strip of land for a right of way by a railroad company through a party's farm, consisting of several tracts, both parties, on the trial, treated the farm as a single tract in their examination of witnesses and instructions, and the jury fixed the compensation and the owner's damages as upon one tract. Upon appeal, the company, for the first time, objected that the finding should have applied to each tract separately: *Held*, that the objection could not be urged for the first time in the appellate court. The question could not even be raised on motion for a new trial.

2. ERROR—*objections waived by silence*. It is a rule of general application in courts of law that if a party acquiesces in the mode of conducting a cause by his adversary, by failing to object and except in apt time, then whether the objection pertain to the introduction of evidence, the measure of damages, or instructions to the jury, he will be precluded from raising it in the appellate court.

APPEAL from the Circuit Court of Livingston County; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. THOS. P. BONFIELD, for the appellant.

Mr. L. E. PAYSON & Mr. J. T. CULVER, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was a proceeding instituted by appellant to condemn for its use as a right of way a strip of land one hundred feet wide running through appellee's farm. It appears that the farm comprised several tracts, containing in all four hundred and forty acres, lying together in one body and under cultivation.

Upon the trial in the court below, before a jury, both parties,

as appears by the record, treated the farm as one tract, without objection, by the introduction of evidence and instructions to the jury ; and the jury fixed the compensation and assessed appellee's damages as upon one tract.

Now, upon appeal to this court, appellant for the first time raises the question and insists that the jury should have fixed compensation and assessed damages as to each tract comprising the farm, separately.

We shall not enter into any construction of the statute with reference to the question, because if it gives the right as claimed by appellant, still it is one that may be waived ; and appellant having, all through the trial, both as respects the examination of witnesses and asking instructions to the jury, treated appellee's farm as a single tract, and remained silent as to the right now insisted upon, we must regard it as having waived the right.

It is not a question affecting the jurisdiction of the subject-matter, and, aside from such questions, it is a rule of general application in courts of law, that if a party acquiesce in the mode of conducting a cause by his adversary, by failing to object and except in apt time, then, whether the question pertain to the introduction of evidence, the measure of damages, or instructions of the court to the jury, he will be precluded from raising it in the appellate court. Nor can it be raised by a motion for a new trial in the court below. Here the appellant not only failed to object to appellee's evidence, which treated the whole farm as one tract, but expressly acquiesced in it by the introduction of evidence in the same way. No grounds are stated in the motion for a new trial, and to be allowed to start the question here, for the first time, would operate as a snare and surprise upon the appellee, which the law will not tolerate. The judgment of the court below must be affirmed.

*Judgment affirmed.*