Rusch vs. The Milwaukee, Lake Shore & Western Railway Company.

*December 16, 1881 — January 10, 1882.*

RAILROADS: CONDEMNATION OF LAND. *(1) Occupying land without paying compensation, a trespass. (2) Evidence of land-owner's consent. (3) Ineffectual proceedings to condemn.*

1. If a railroad company takes possession of land without the owner's consent, and without having ascertained, under the process given by the statute, and paid the due compensation therefor, it is a trespasser, and liable in an action of trespass.
2. The mere failure of a land-owner to order a railroad company off his land, or to bring his action against it as a trespasser until near the end of the statutory period of limitation, will not operate as a *consent* to its occupation and use of the land.

3. Several years before the commencement of this action, at the instance of the defendant company, proceedings were had to condemn land, which were regular except that the commissioners awarded a *gross sum* as compensation to all of six lot-owners, who held in severalty (including the plaintiff), without specifying the sum to which each was entitled. The company paid the money into court, and nothing further was done in the proceeding. *Held,* that the condemnation proceedings are ended, and not pending so as to permit the award to be now corrected at the instance of either party; and that they were without any effect upon the rights of the parties.

APPEAL from the Circuit Court for *Outagamie* County.

Action to recover damages for an alleged trespass by the defendant company upon the land of the plaintiff. The trespass charged is the taking and using of a public street on the plaintiff's land, by the defendant, for its railway track. The pleadings, evidence and findings of the court show substantially the following facts: The defendant located its railway along the street in question in 1876, and instituted proceedings in the proper circuit court to condemn the land desired to its use. The land sought to be thus condemned belonged in severalty to six owners. The proceedings were regularly commenced and carried on as required by the statute, except that the commissioners awarded a gross sum as compensation to all such owners, without specifying the sum to which each was entitled. The railway company paid into court the sum so awarded, and nothing further has been done in such proceeding. The company has ever since used the lands thus sought to be condemned, in operating its railway. The plaintiff gave the company no permission thus to use his land, and took no action hostile thereto until he commenced this suit. On these facts the court gave judgment for the plaintiff for nominal damages and costs. The defendant appealed from the judgment.

For the appellant there was a brief by *Cottrill, Cary & Hanson,* and oral argument by *Mr. Hanson.*

*Geo. W. Burnell,* for the respondent.

LYON, J. It is not denied that the award of the commissioners in the condemnation proceedings fails to ascertain the compensation to which the plaintiff is entitled for his land which the defendant proposed to condemn to its use. The aggregate sum only to which six owners in severalty were entitled was ascertained, and no rule is given and none exists by which the proportionate share of each can be ascertained. It is settled that, "if a railroad company takes possession of land for which it is liable to make compensation, without the consent of the owner, and without having ascertained and paid the compensation under the process given by the statute, it is a trespasser, and liable in an action of trespass." *Sherman v. M., L. S. & W. Railroad Co.*, 40 Wis., 645, and cases cited. No specific claim is made in the answer that the plaintiff ever consented to the use of his land by the defendant, and the undisputed testimony is that he did not, unless such consent is to be implied from his failure to order the company off his land, or from his delay in bringing this action. We think no consent can properly be presumed from such failure or delay. Speaking no word and doing no act from which consent can reasonably be inferred, he might proceed to recover his damages or land at his leisure, within the limitations of the statute.

The plaintiff's land having been appropriated by the defendants without his consent, and his compensation therefor never having been ascertained and paid, he is entitled to recover in this action, unless (as claimed by the learned counsel for defendant) his right to maintain the action is taken away by the condemnation proceedings. The argument is that the proceedings constitute a suit in court (Laws of 1873, ch. 291, sec. 2); that they are all regular except the failure to award separately the compensation to which each owner in severalty is entitled; that the court had jurisdiction of subject matter and person; and hence, conceding that the award is void, the proceedings are still pending, and the award may be corrected at the

Rusch vs. The Milwaukee, Lake Shore & Western R'y Co.

instance of either party. Under another rule laid down in *Sherman v. Railroad Co., supra,* it is claimed that such pending proceedings are an insuperable barrier in the way of maintaining a common-law action for the trespass.

We do not think the condemnation proceedings are pending, but that the same are determined and at an end. We are aware of no statute which authorizes the circuit court or judge to recall the commissioners and require them to apportion the sum awarded between the owners of the land sought to be condemned, and to amend their award by specifying therein the sum to which each owner is entitled. Such a practice would be like recalling a jury after they have been discharged, and their verdict recorded, to correct their verdict. Indeed, it would be more nearly analogous to recalling the jury for such purpose after judgment has been entered on the verdict, and after the trial term has adjourned. Probably such a practice was never heard of; certainly no such practice can be upheld. We think, and so hold, that the condemnation proceedings are at an end, and that, because they resulted in an award which fixed no rights and bound no one, they have ceased to have any effect for any purpose whatever, and the rights and liabilities of the parties are the same as though the proceedings had not been instituted.

It follows that the plaintiff was entitled to recover, and hence that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.