AGNES BRENNAN *vs.* CITY OF ST. PAUL.

November 14, 1890.

**St. Paul—Assessment for Street Opening—Contract to Convey Part of Lot—Notice.**—In the proceedings to open Wyoming street, in the city of St. Paul, the board of public works assessed the damages and benefits to lot 6, Bidwell's addition, as one lot or parcel. Prior to the proceedings, the owners of lot 6 had executed a contract to convey a part of the lot to another, of which the board had notice after their assessment but before its confirmation. *Held*, that the contract to convey severed that part of lot 6 from the remainder of that lot so as to make it a separate parcel; and, having received notice of it before confirming the assessment, the board ought to have assessed the damages and benefits to it as a separate lot or parcel. Not having done so, their proceedings were, as to that tract, void.

Plaintiff, grantee of Mary Chapman, brought this action in the district court for Ramsey county, to determine the defendant's adverse claim to a strip of land in the city of St. Paul, "commencing at a point on the west line of South Robert street, 244 feet north of the

north line of Annapolis street, thence running north 49 feet, thence west to the west line of lot 6 of Bidwell's addition to West St. Paul," according to the recorded plat, "thence south along said line 49 feet to the place of beginning." The action was tried before *Brill*, J., who ordered judgment for plaintiff. The defendant appeals from an order refusing a new trial.

*O. E. Holman*, for appellant.

*J. W. Pinch* and *L. T. Chamberlain*, for respondent.

GILFILLAN, C. J.[1] According to the provisions of the charter of the city of St. Paul, under the amendments to subchapter 7, made by chapter 7, Sp. Laws 1887, relating to assessing the compensation for taking private property for opening streets, etc., the board of public works, having acquired jurisdiction to proceed, are authorized (section 8, p. 335) to make full inquiry of matters necessary for them to know in assessing the damages and benefits to each separate lot or parcel, as required by section 7, and for that purpose may send for persons and papers, and compel the attendance of and examine witnesses, etc. The confirmation by the board of the assessment is the final act of appropriation to public use. Until confirmation, the assessment is entirely within the control of the board to revise and correct, or make a new assessment. Section 15. The power of the board up to the time of the confirmation is ample to conform to the requirement to assess the damages and benefits to each separate lot or parcel. That requirement is essential, certainly where the separate lots or parcels are owned by different persons, to secure to owners the constitutional right to just compensation first paid or secured before their property shall be taken for public use.

The proceedings involved in this case were for opening Wyoming street through Bidwell's addition to West St. Paul, the street as planned running across and taking a part of the lots in the addition. These lots were, according to the plat, about 900 feet long, not subdivided into smaller lots. One of these was lot 6. South Robert street was opened through this lot lengthwise, dividing it into two nearly equal parts, one on each side of South Robert street.

[1] Mitchell, J., took no part in this case.

The title to the entire lot appeared of record in I. and X. St. Pierre. Prior to any action by the board of public works to assess damages in the Wyoming street matter, the St. Pierres had executed a contract to convey to one Chapman a piece of lot 6 on the west side of South Robert street, about 49 feet wide by 77 feet deep. Chapman assigned this agreement to plaintiff. · Wyoming street, as opened, takes nearly the whole of this piece. The board assessed the damages and benefits to lot 6 as one parcel, taking no notice of the piece which the St. Pierres had thus sold to Chapman. As found by the court below, after the assessment had been made, and notice of confirmation given, but before the confirmation, the St. Pierres notified the board that they had executed the said contract to convey; but the board, notwithstanding, confirmed the assessment as made.

It is urged on behalf of the city that the only course open to the owner of the Chapman interest was to file objections to the assessment, and, if they were disregarded, then to appeal from the order of confirmation to the district court, as provided in section 16, and that, upon her failure so to do, the assessment is valid and binding. Also, that where there are different interests in a tract of land the board is only to make a gross award for the tract, and need not determine upon the conflicting interests. Where the board, having jurisdiction to proceed, do in fact make an assessment as to a separate lot or parcel, it may be conceded that these propositions are true, and especially that for any mere error or irregularity in the assessment as to a particular parcel the owner's remedy is by objection and appeal. But those propositions do not touch the objection in this case, which is that the board never made any assessment at all of plaintiff's lot or parcel. That was a separate parcel from the time of its severance from the remainder of lot 6, by the contract to convey to Chapman, as much as though it had been marked out on the recorded plat, and afterwards sold. Certainly, had lot 6 been subdivided into smaller lots by the plat, and such smaller lots been conveyed to different persons, no one would contend that an assessment of damages and benefits to the entire lot 6 as one parcel would be an assessment of damages and benefits to each, or to any one, of the smaller lots. Where there is no notice, by record or otherwise, that a portion of a lot has

been severed from it, so as to make separate lots or parcels, the board may undoubtedly proceed against it as one lot; but when notice of such severance comes to the board in time to conform its proceedings to the requirement to assess the damages and benefits to each separate lot or parcel,—to wit, at any time before it completes the assessment by the final act of confirmation,—it ought to follow that course.

Order affirmed.

DICKINSON, J., (*dissenting.*)  I do not concur in this decision.  As I consider the case, the board of public works acquired jurisdiction, in the manner prescribed by law, to assess the damages for the taking of that part of lot 6 which includes the land in question, and actually made an assessment which was valid,—a legal assessment,—although it was not to be final until it should be confirmed.  Upon the facts subsequently appearing to the board, but which had not before been disclosed by the records or otherwise, as to the contract by the owners of lot 6 to convey to another person a part of the land to be taken, the board ought not to have confirmed the assessment.  But the *jurisdiction* of the board in the proceeding was not divested, nor was the assessment which had been made in the legal exercise of its jurisdiction rendered void by the disclosure of such facts.  The confirmation being only erroneous, and not void for want of power to act, the remedy by appeal to the district court—the remedy prescribed by statute as the mode for securing a correction of errors—was, as I think, the exclusive remedy.