# Choate v. Southern Railway Co.

*Statutory Action in the Nature of an Action of Ejectment.*

1. *Condemnation proceedings in the probate court; when irregularities cannot be complained of.*—Where, after condemnation proceedings in the probate court for a right of way over certain lands were regularly completed and a decree rendered on the verdict of the jury assessing the amount which was to be paid by the plaintiff, and the defendant received the amount

[Choate v. Southern Railway Co.]

and executed a quit-claim deed to the plaintiff for the right of way, and the deed was not signed by the wife, and the land, over which the right of way ran, was the homestead, and the defendant did not appeal from the decree of condemnation, he cannot complain of irregularities in the proceedings on collateral attack.

2. *Same; when conveyance not necessary.*—Where, under a petition in the probate court, condemnation proceedings were regularly completed and a decree rendered on the verdict of the jury assessing the amount. which was to be paid by the plaintiff, there is no necessity for a conveyance by the defendant to the plaintiff, as, under section 1721 of the Code, the decree of condemnation vested the title on payment of the money.

3. *Same; parol evidence of what is covered by verdict of the jury.* In such case the record of the condemnation proceedings is the only evidence as to what the assessment was intended to cover, and that cannot be contradicted, varied or explained by parol testimony. as to what was in the mind of the jurors, as, that the damages assessed were only for the value of the crop and not for the land.

4. *Same; defendant estopped from denying that he had the legal title to the lands.*—Where, on a petition filed in the probate court, certain lands are condemned as belonging to the defendant, and the proceedings, and the defendant's own acts, treated them as his lands, he is estopped from denying such ownership.

APPEAL from Circuit Court of Cherokee.

Tried before the Hon. JAMES A. BILBRO.

Action of ejectment by the appellant against the appellee to recover possession of the lands described in the complaint. The defendant disclaimed as to all the land sued for, except that used by it as a right of way.

This is the second appeal in this case.—*Southern Railway Co. v. Choate*, 119 Ala. 381. The facts necessary to an understanding of the decision are set forth in the former opinion, to which reference is made.

Upon the introduction of all the evidence, the court gave the general affirmative charge for the defendant and refused a like charge for the plaintiff, to which the plaintiff excepted.

There were verdict and judgment for the defendant, and the plaintiff appeals.

[Choate v. Southern Railway Co.]

C. DANIEL, for the appellant.—At the time of the condemnation proceedings, appellant had no ownership of the property sought to be taken and the proceedings were void.—*O. & N. D. B. T. R. R. Co. v. Karcher*, 112 Ala. 676; A. & E. Enc. Law, 608. The quit-claim deed executed by appellant to appellee is void, not being acknowledged separate and apart from the husband. *Cowan v. Ry. Co.*, 118 Ala. 554; *Griffin v. Ry. Co.*, 27 Ala. 580; 4 May. Dig. 612, § 52.

BURNETT, HOOD & MURPHREE, *contra.*—The irregularities complained of are not available on collateral attack. *Cantilon v. Whitley*, 85 Ala. 249; *Whitelaw v. Echols*, 78 Ala. 206. Plaintiff, having received the condemnation money, is now estopped from denying that he had the legal title to the lands.

SIMPSON, J.—This was an action of ejectment, brought by appellant (plaintiff) against appellee (defendant) to recover the right of way, occupied by defendant, through the lands described. At the first trial in the court below, the plaintiff recovered the land, and on appeal this Court reversed the judgment of the court below; *Southern Railway Co. v. Choate*, 119 Ala. 358, to which reference is made for a statement of the facts.

In that case this Court decided that the Act of Congress, which declared forfeited the former grant of lands to the State, by the special proviso therein, left the right of way of defendant's predecessor undisturbed, and states that "It was certainly within the contemplation of Congress that other railroad corporations. * * * * invested with the privilege of eminent domain, might acquire easements over lands which had been donated in trust for certain specified roads." And the opinion also states that "It would only be just to protect from forfeiture, by proceedings in the state court, corporations which, in the only way it could be done, had acquired the right of way after the grant and before the forfeiture, across the lands which had been forfeited."

In that case, while the Court noted the fact that many questions were raised as to the deficiency in the condem-

nation proceedings, yet it stated that those matters are now properly before the Court, and he argues various omissions and deficiencies in the proceedings for condemnation.

The testimony, as recited in the bill of exceptions, shows that, after said condemnation proceedings were regularly completed, and a decree rendered, on the verdict of a jury assessing the amount which was to be paid by plaintiff, said plaintiff received the amount so awarded to him, to-wit, $25.00, and executed a quit-claim deed for the defendant for said right of way. Said quit-claim deed was not signed by plaintiff's wife, and, on that account, the plaintiff claims it is void, as the right of way ran through plaintiff's homestead.

We hold that, whatever might have been the result, if plaintiff had chosen to appeal from the decree of the probate court, or otherwise attack the same, by direct proceedings, the irregularities complained of cannot be made available in this collateral attack.—*Cautilon v. Whitley,* 85 Ala. 247; *Whitlaw v. Echols,* 78 Ala. 206; *Bland v. Bowie,* 53 Ala. 152.

While it is true that, as a conveyance the quit-claim deed was invalid, yet there was no necessity of any conveyance, as, under the statute, the decree of condemnation vested the title on payment of the money.—Code, § 1721. And the quit-claim showed the fact of plaintiff's receiving the money, in satisfaction of the decree; also that he was fully aware of the decision of the court and did not choose to appeal from it.

The plaintiff complains of the refusal of the court to allow him to introduce the testimony to the effect that the $25.00 assessed by the jury was only for the value of his crop, and not for the land, and he claims that, as he was then occupying the land as an entry man from the United States Government, and the statute requires the proceeding to be against the owner, the same were void, as to him. The record of the condemnation proceedings is the only evidence, as to what the assessment was intended to cover, and that cannot be contradicted, varied or explained by parol testimony as to what was in the mind of the jurors.

The petition describes certain lands which petitioner is "Informed are owned and claimed by and are in 'the possession of certain parties, including plaintiff, and the land in question," and it prays that "Said lands * * * * be condemned," etc. The jury was empaneled, rendered their verdict, and the lands are "Adjudged to be condemned to be for the use and appropriation of said" railroad company. So that it is clear that it was the lands and not the crops, which were the subject of condemnation and assessment, and the attempted quit-claim deed further shows this, and contradicts the contention of plaintiff, for, if he understood that the $25.00 was only for the crops, why did he attempt to convey the lands to the railroad company?

As to the contention that the legal title to the lands, at 'that time, was not in the plaintiff, the proceedings and his own acts treated them then as his lands and he is estopped now, from denying that fact.

Even if the land did, at that time, belong to the United States Government, the Acts of Congress, irrespective of the special Act before referred to, give to every railroad company the right to build its road through the public lands, and the Supreme Court of the United States has decided that 'the construction of the railroad, without any of the preliminaries required by statute, is a sufficient compliance.—*Jamestown & Northern R. R. Co. v. Jones*, 177 U. S. 125.

While the Supreme Court of Alabama has decided that the homestead has preference over the railroad, unless the railroad company has filed its plat of location, etc., before the entry was made.—*Ala. & Fla. R. R. Co. v. Burkett*, 46 Ala. 569,—there is no proof in this case as to when, if ever, the plat of location was filed by the defendant, but, as indicated above, if filed before the entry, under which plaintiff claims, then the defendant's claim and 'title is prior to that of plaintiff, and if afterward, the plaintiff is bound by the judicial proceedings.

There is no error in the matters pointed out, and the judgment of the court is

Affirmed.

McClellan, C. J., Tyson and Anderson, J.J., concurring.