Allen, J.
 

 Plaintiffs in error claim:
 

 “(1) Neither lot owner has had compensation for her lot assessed by a jury.
 

 
 *198
 
 “(2) Neither lot owner has been afforded due process of law, because there is no proceeding by which either owner may now have the value of her property, or her share of the $40,000, fixed by a jury. Any proceeding to divide the fund would necessarily be in equity.
 

 “(3) The proceeding under chapter I, division III, of title XII of the G-eneral Code is a proceeding
 
 in rem.
 
 The duty is upon the municipality to procure an assessment of each lot or parcel of land taken. The privilege afforded the owners to offer evidence of value does not cast upon them any duty to anticipate a possible failure of the jury to assess compensation for each lot or parcel of land.”
 

 These propositions are based upon the following constitutional and statutory provisions:
 

 Article I, Section 19, Constitution of Ohio (Bill of Rights):
 

 “Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war, or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury, without deduction for benefit to any property of the owner.”
 

 Article I, Section 1, Constitution of Ohio (Bill of Rights):
 

 
 *199
 
 “All men are, by nature, free and independent, and have certain inalienable rights, among -which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety.”
 

 Fourteenth Amendment, Section 1, Constitution of United States:
 

 “No state shall mate or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law. * * *”
 

 Section 3687, General Code:
 

 “The assessment shall be in writing, signed by the jury, and shall be so made that the amount payable to the owners of each lot or parcel of land may be ascertained.”
 

 Taking up in their order the points relied upon by plaintiffs in error, we are, in the first place, of the opinion that neither lot owner in this proceeding has had compensation for her lot assessed by a jury. The fact that an assessment in a lump sum was made of all four lots does not constitute the proceeding a separate assessment of lot No. 18, belonging to Annie Neil Scott, nor a separate assessment of lots 17, 29 and 30, belonging to Daisy M. Scott. From the finding of the jury it is impossible to tell what is the value in money of any one of the separate lots. Second, we agree that in this proceeding neither lot owner was afforded that due process of law to which she is entitled under the state and federal Constitutions. Neither of these separate owners has had the value
 
 *200
 
 of her property fixed by a jury, and had compensation made or secured to her separately. She was entitled to have that done. Third, we agree that the proceeding under chapter I, division III, title XII, part first, General Code, is a proceeding
 
 in rem.
 
 This has been definitely settled by the case of
 
 Martin
 
 v.
 
 City of
 
 Columbus, 101 Ohio St., 1, 127 N. E., 411, and is not questioned in this court.
 

 The duty rests upon a municipality to procure an assessment of each lot or parcel of land taken. The privilege afforded the owners to offer evidence of value does not cast upon them any
 
 duty
 
 of offering such evidence, and, quoting the words of Judge Wanamaker upon page 6 of 101 Ohio St., on page 412 of 127 N. E., in the
 
 Martin case:
 

 “The property owner need not even appear. The Constitution and the laws protect him as to ‘full compensation or just compensation for the value of the property taken.’ ”
 

 None of these considerations, however, disposes of the propositions peculiar to this case. An application was filed in this proceeding, which treated the lots in question as one tract, and at least raised a question as to whether the ownership was not joint in the Scott sisters. The plaintiffs in error received notice of this application, and objection could have been made thereto on the ground that the application was not definite, that the parties were not properly joined, and that certain of the tracts therein described were under separate ownership. No such objection was made.
 

 When the hearing was had, the plaintiffs in error introduced evidence bearing upon the value of the tract as a whole, including all four lots. None
 
 *201
 
 of the evidence, with the exception of that relating to the foot-front values, bore upon the value of the separate lots. The municipality offered evidence bearing upon the value of the tract as a whole, but no evidence was offered by the city of the value of the separate tracts. Objection could have been made by the plaintiffs in error, who were present, taking active part in the trial, that the land was separately owned. No such objection was made.
 

 It is true that from the foot-front values the value of the separate lots, if unimproved, might have been deduced. However, one of the lots had a dwelling upon it. This dwelling was valued in the testimony, but nowhere did plaintiffs in error state, and nowhere in the evidence does it appear, upon what lot the dwelling was situated.
 

 To make still more emphatic their acquiescence in the valuation of these four lots as a whole, Annie Neil. Scott, without objection from Daisy M. Scott, took the stand and testified as follows:
 

 “Q. You live on the property in question? A. Yes, sir.
 

 “Q. You are one of the owners of the property, are you? A. Yes, sir.
 

 “Q. How long has that property been in your name? A. It has been in my name about 7 years.
 

 “Q. "Who is the other owner of the property with you? A. My sister, Daisy M. Scott. * * * “Q. How long has that title to this property been in the name of yourself and your sister and your family — about how long? A. Fifty-four years. My father bought it 54 years ago this spring, this month. * * *
 

 “Q. Have you at any time during this period
 
 *202
 
 of ownership made any effort to divide or subdivide it? A. No, sir.”
 

 When the case went to the jury, therefore, the jury had before it only evidence of the value of the tract as a whole, and nothing upon which to base an assessment of the separate lots. That this was so was due, not only to the failure of the plaintiffs in error to object to the proceedings, but also to the testimony which they had themselves actually introduced.
 

 Furthermore, the plaintiffs in error made certain requests to charge, in- which the two tracts of land were treated as one, under joint ownership of the Scott sisters. -These charges were given by the court as requested.
 

 Therefore the question here confronting u's is not that of the owner, who without entering into the trial has had compensation for his lot lumped with compensation for lots owned’ by others, nor is it even the case in which the owner offering evidence in the trial has given separate evidence of the value of his own lot. Here is a case in which the plaintiffs in error themselves, on hearing, gave repeated testimony as to the value of this tract as a whole, and no testimony whatever as to the separate value of the separate lots, except in evidence as to footfront values, and even, acquiesced in their own evidence in the appearance óf joint ownership.
 

 Did they by their conduct during the hearing, into which they voluntarily entered and in which never at any time until upon motion for new trial was a question raised as to the legality of the as
 
 *203
 
 sessment made in a lump sum, waive their right to raise this question?
 

 Upon these facts the cases cited by plaintiff in error,
 
 Brennan
 
 v.
 
 City of St. Paul,
 
 44 Minn., 464, 47 N. W., 55, and
 
 Rusch
 
 v.
 
 Milwaukee, L. S. & W. Ry. Co.,
 
 54 Wis., 136, 11 N. W., 253, have no bearing here. It is the general rule that a person may by his own omission to act waive constitutional and statutory rights. The rule as stated in 12 Corpus Juris, 773, follows:
 

 “A
 
 person may waive his constitutional rights by taking part without objection in judicial proceedings otherwise unconstitutional as against him.”
 

 If trial by jury can be waived, which involves the basic right of a person to have his case adjudicated under the time-hallowed rules of the common law, why cannot a right to have one’s property assessed separately be waived? In fact there is considerable authority in favor of this view, and numerous cases holding upon parallel facts that waiver had been made exist in the general law. One of them is
 
 Kankakee & I. R. R. Co.
 
 v.
 
 Chester,
 
 62 Ill., 235. This was a proceeding by the railroad company to condemn land for a right of way through a farm consisting of several tracts. On the- trial both parties treated the farm as a single tract, and the jury fixed the compensation and the owner’s damages as upon one tract. In the Appellate Court, upon appeal, for the first time, the company objected that the finding should have applied separately to each specific tract. The court held that the objection could not be urged for the first time in the Appellate Court, and also
 
 *204
 
 that the question could not have been raised on a motion for a new trial, saying in the syllabus:
 

 “It is a rule of general application in courts of law that if a party acquiesces in the mode of conducting a cause by his adversary, by failing to object and except in apt time, then whether the objection pertained to the introduction of evidence, the measure of damages, or instructions to the jury, he will be precluded from raising it in the Appellate Court.”
 

 In its opinion (62 Ill., at page 236) the court says:
 

 “We shall not enter into any construction of the statute with reference to the question, because if it gives the right as claimed by appellant, still it is one that may be waived; and appellant having, all through the trial, both as respects the examination of witnesses and asking instructions to the jury, treated appellee’s farm as a single tract, and remained silent as to the right now insisted upon, we must regard it as having waived the right. ’ ’
 

 In the
 
 Matter of the Application of Cooper, Mayor,
 
 93 N. Y., 507, a condemnation proceeding, the landowner participated in securing an appraisement of his property. After the appraisement he questioned the proceedings, claiming that there had been a failure to comply with certain statutory conditions, and that the statute itself was unconstitutional. The court in its opinion, on pages 511 and 512, says:
 

 “It is obvious that these objections existed, if
 
 *205
 
 at all, at the outset of the proceedings, and when Collins as a property owner was before the court they might have been presented in opposition to the application and motion which resulted in the order of December 13. If they had any merit and he intended to rely upon them, it was his blear right and duty to bring them forward at the first opportunity. * *
 
 *
 
 It is not necessary to consider the validity of the objections, for we agree with the learned counsel for the respondent that the conduct of the appellant at the former stage of the proceedings, and to which , we have adverted, estops him from now entering upon the inquiry.
 

 “It is very well settled that a party may waive a statutory and even a constitutional provision made for his benefit, and that having once done so he cannot afterward ask for its protection. # * * The appellant is in this position.-
 
 He participated as cm actor in procuring the order which he now seeks to set aside, and took his chance for a satisfactory valuation of his property for the purpose, contemplated by the act. To that end there was not only acquiescence on his part, but intelligent and efficient dealing with the matter and consent to the order. By this consent he must be deemed to have made Ms election and should be held to it.”
 

 The syllabus in this ease reads:
 

 “A statutory or constitutional provision for the benefit of a party may be waived by him, and, having once waived it, he is estopped from thereafter claiming the benefit.
 

 
 *206
 
 “Proceeding’s were instituted under the act of 1880 (Chapter 191, Laws of 1880) to acquire title to lands for a public market in the city of New York. G, the owner of lands sought to be acquired, joined in the proceedings, by petition asking for the appointment of a person named as one of the commissioners of estimate and assessment, who was appointed. The commissioners duly executed their office, appraising among other lands that of C, who thereupon moved to set aside the order appointing the commissioners, because of the alleged unconstitutionality of said act, and of noncomplianee by the moving party with certain statutory conditions.
 
 Held,
 
 that C was es-topped from raising these questions.”
 

 To the same point are the holdings in the following cases:
 
 Thornton
 
 v.
 
 Town Council of North Providence,
 
 6 R. I., 433;
 
 C. & M. Elec. Rd. Co.
 
 v.
 
 Diver,
 
 213 Ill., 26, 72 N. E., 758;
 
 Metropolitan W. S. El. Ry. Co.
 
 v.
 
 Eschner,
 
 232 Ill., 210, 83 N. E., 809;
 
 Bd. of Commrs. of Lyon Co.
 
 v. Coman, 43 Kan., 676, 23 Pac., 1038;
 
 Huntress
 
 v.
 
 Effingham,
 
 17 N. H., 584;
 
 Kansas City Interurban Ry. Co.
 
 v.
 
 Davis,
 
 197 Mo., 669, 95 S. W., 881, 114 Am. St. Rep., 790;
 
 Choate
 
 v.
 
 So. Ry. Co.,
 
 143 Ala., 316, 39 South., 218; and
 
 Ehret
 
 v.
 
 Schuylkill River East Side R. R. Co.,
 
 151 Pa., 158, 24 Atl., 1068.
 

 It would be inequitable to hold that a party could not only stand silent without objection throughout a trial, but could even offer affirmative evidence based upon a certain theory of the case, and, after verdict, secure a new trial, resulting in great delay and enhanced cost, on the ground that the theory of facts which he had set forth in
 
 *207
 
 his own evidence was erroneous. The inequity would be still more pronounced in case of a rise in real estate values, a practical situation which is always possible in real estate transactions.
 

 The court holds that the plaintiffs in error, by their failure to object and by their active participation in these proceedings, have waived their statutory and constitutional rights to insist upon a separate assessment as to each separate tract. "We therefore find no error in the record and affirm the judgment.
 

 Judgment affirmed.
 

 Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.