THE PUBLIC SERVICE COMPANY OF NORTHERN ILLINOIS,
Appellee, *vs.* WILLIAM RIETVELD *et al.* Appellants.

*Opinion filed December 16, 1925—Rehearing denied Feb. 17, 1926.*

1. PRACTICE—*motion in arrest questions only errors on face of record.* Only such errors as appear on the face of the record, or which should but do not appear on the face of the record, can be urged upon a motion in arrest of judgment.

2. SAME—*when motion to dismiss condemnation petition cannot be considered on review—bill of exceptions.* A motion to dismiss a petition for condemnation, although copied into the record by the clerk, cannot be considered on review where the bill of exceptions of preliminary matters heard by the court has been stricken from the record, as motions made in a cause must appear in the bill of exceptions and be certified by the trial court.

3. SAME—*when motion in arrest does not present question for review.* A motion in arrest of a condemnation judgment does not preserve for review the action of the court in denying a motion to dismiss the petition when the motion is based upon matters appearing outside of the record and not preserved for review.

4. EMINENT DOMAIN—*when condemnation judgment will not be reversed on evidence.* A condemnation judgment will not be reversed on the ground that it is contrary to the evidence as to the value of the property taken, where the court and jury have viewed the premises and the verdict is within the testimony, unless the Supreme Court can see from the record that the jury were clearly and palpably mistaken or that the verdict was the result of passion and prejudice.

5. SAME—*when lots need not be valued separately.* Lots need not be valued separately in a condemnation proceeding where there are no improvements within a mile of the premises and where the property, although subdivided, constitutes an entire tract, no lot being distinguishable from another or having a separate present use or a separate use to which it could be put in the near future, the weight of the testimony being to the effect that the lots were more valuable as an entire tract than as separate lots.

6. SAME—*jury should not be instructed that the petitioner has authority of Commerce Commission—review.* The question of the right of the petitioner to acquire the property is to be determined as a preliminary question before the jury is called, and it is not proper to instruct the jury that the petitioner was authorized by

the Commerce Commission to acquire the property in question by condemnation, but where the question has been properly determined and the instruction is not prejudicial it will not require a reversal.

7. SAME—*when jury must determine only the amount of compensation as to entire property.* In a condemnation proceeding the jury may determine the value of the respective interests of the property owners as among themselves where such interests are established, but where such interests are not established the jury must determine only the amount of compensation to be paid to all the owners and parties interested, and such owners will be sufficiently protected where the judgment provides that the money be paid to the county treasurer for their benefit.

8. SAME—*absence of judge during argument must be shown by bill of exceptions.* The contention that the judge was absent from the court room during the argument of counsel cannot be considered on review unless such absence is shown by the bill of exceptions.

APPEAL from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

GEORGE W. THOMA, (ROY MASSENA, and CHARLES W. HADLEY, of counsel,) for appellants.

ISHAM, LINCOLN & BEALE, and GARDNER, FOOTE, BURNS & MORROW, (WILLIAM A. MORROW, and WALTER M. FOWLER, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

On May 14, 1924, appellee, a public utility corporation, filed its petition in the circuit court of Cook county seeking to condemn a right of way for the purpose of constructing an electric transmission line, pursuant to an order of the Illinois Commerce Commission. After the denial of preliminary motions calling in question appellee's petition and its right to maintain the proceedings, a jury was called to ascertain and determine the just compensation to be paid, and a verdict was returned assessing such compensation at the sum of $22,550, and judgment was entered thereon. To review this judgment appellants have perfected an appeal to this court.

It is contended by appellants that the court erred in not sustaining appellants' motion to dismiss the petition for condemnation. This court, on motion of appellee, on June 15, 1925, expunged from the record of this case what purported to be a bill of exceptions on preliminary matters heard before the court without a jury. The record as it now stands does not show the motion or rulings of the court and exceptions thereto, and while the motion is copied in the record by the clerk, it has been repeatedly held that in order for this court to pass upon motions made in a cause they must appear in the bill of exceptions and be certified by the trial court. (*St. Louis and O'Fallon Railway Co.* v. *Union Trust and Savings Bank,* 209 Ill. 457.) A motion in arrest of a condemnation judgment does not preserve for review the action of the court in denying a motion to dismiss the petition, if the motion was based upon matters appearing outside of the record. Under a motion in arrest of judgment only such errors as appear on the face of the record, or which should but do not appear on the face of the record, can be urged in arrest of judgment. All the preliminary proceedings had upon the motion to dismiss having been expunged from the bill of exceptions, there is no record here which shows any error which will sustain a motion in arrest of judgment. *Cella* v. *Chicago and Western Indiana Railroad Co.* 217 Ill. 326.

It is contended by appellants that the verdict of the jury was contrary to the evidence in the case. The land sought to be taken is a strip 150 feet wide and practically one mile in length, in the outskirts of Calumet City, formerly known as the village of West Hammond. There are no improvements on the property in question except a State road which passes through it, and it is about one mile from any of the built-up portions of the city. The land was not used for any purpose at the time of the trial nor does the evidence show any availability for any other than speculative use in the near future. Portions of it are covered with

water during spring and autumn, and there is testimony to the effect that water stands in the ditches during the entire time. Appellee called witnesses who placed a value upon the land ranging from $11,500 to $18,400, while one of appellants' witnesses placed a value of $121,000 thereon. The court and jury viewed the premises. The verdict is within the range of the testimony heard in open court. The court approved the verdict by overruling the motion for new trial and entering judgment thereon, and such judgment will not be reversed on appeal unless this court can see from the record that the jury were clearly and palpably mistaken or that the verdict was the result of passion and prejudice. (*Public Service Co.* v. *Leatherbee,* 311 Ill. 505.) Applying this rule, we do not feel it to be our duty to set aside the judgment upon the ground that it is contrary to the weight of the evidence.

A portion of these premises had been subdivided into lots, and it is contended by appellants that the court should have required the jury to fix a valuation upon each one of these lots separately. The lots were 25 feet in width and constituted at the time of the trial one entire tract owned by appellants. There was nothing to distinguish one lot from another. A lot had no present separate use and no separate use to which it could be put in the near future. There were no streets, gas, water, sewer, sidewalk or any other improvements within a mile, and the weight of the testimony is to the effect that the lots are more valuable when considered as a part of the entire tract than when considered as single lots. We do not think that there was error in this respect.

Complaint is made as to the admission of evidence. The evidence covered a wide range as to value and sales of properties in other parts of the city, and some evidence was admitted on behalf of both parties which was not strictly competent. On the whole, however, we think the case was fairly presented to the jury upon the evidence and that no revers-

ible error was committed by the court in its rulings in that respect.

Appellants complain that the first and second instructions given at the request of appellee told the jury that appellee was authorized by the Commerce Commission to acquire the property in question by condemnation. The question of the right of appellee to acquire the property was a preliminary question and had been determined before the jury was called. It was not proper to instruct the jury upon this question, with which the jury had nothing to do, but the appellants were not prejudiced thereby.

It is also contended that the second instruction is erroneous because it told the jury that there was but one matter to be considered, namely, the amount of compensation to be paid for the property sought to be taken. The rights of appellants among themselves were not determined prior to the calling of the jury. The jury may determine the value of the respective interests of appellants as between themselves where such interests are established, but where such interests are not established the jury has but one question, namely, the amount of compensation to be paid to all the owners and parties interested. The judgment in this case provides that the money may be paid to the county treasurer for the benefit of the owners of and parties interested in the property. This arrangement fully protects the rights of all parties. In *City of Chicago* v. *Gage,* 268 Ill. 232, this court held that the compensation money is deemed a substitute for the land, and it also held that when the petitioner pays the money to the county treasurer directly, its connection with the case ceases and it is no further concerned with it.

Complaint is made of the giving of other instructions, but such have heretofore been approved by this court.

Complaint is made of the refusal of the court to give some instructions offered by appellants. We have carefully examined each of them, and find that in each instance the

instruction was either misleading, inaccurate or contained incorrect statements as to the law. The instructions, as a series, accurately instructed the jury as to the principles of law which governed the case.

It is contended that the judge was absent from the court room during the argument of counsel. This contention can not be considered as such absence is not shown by the bill of exceptions.

Complaint is made of the closing argument of counsel for appellee. While there are some statements in the argument which should not have been made, no objection was made to them. The statements to which objections were made were, in general, legitimate argument based upon the evidence.

Finding no reversible error in the record the judgment of the circuit court will be affirmed.          *Judgment affirmed.*