## UNITED STATES v. RUNNER et al.
### No. 3801.

United States Court of Appeals Tenth Circuit.

May 10, 1949.

Rehearing Denied June 6, 1949.

PHILLIPS, Chief Judge, dissenting.

Harold S. Harrison, Washington, D. C. (A. Devitt Vanech, Washington, D. C., Curtis P. Harris, Oklahoma City, Okl., and Wilma C. Martin, Washington, D. C. on the brief), for appellant.

John W. Swinford, Oklahoma City, Okl. (Embry, Johnson, Crowe, Tolbert & Shelton, Oklahoma City, Okl. on the brief), for appellees.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

By this appeal, we are asked to decide whether in the course of a condemnation proceedings, it is reversible error to submit the question of value of separately owned tracts of land to the jury as a single unit or tract, over the objection of the condemnor.

In April 1947, the United States filed its petition to condemn forty-nine tracts of land in Blaine and Dewey counties, Oklahoma, one of which was the 200 acres involved in this suit. On October 3, 1947, the court entered an order finding that the appellees here were the owners of the land and entitled to receive just compensation for its taking.

On a trial of the case to a jury, both the Government and the land owners introduced evidence of the value of the land taken as one unit or tract. At the conclusion of all of the evidence, but before the case was submitted to the jury, counsel for the landowners announced to the court that the parties were in agreement as to ownership of the land, but asked leave to have counsel for the Indian Service dictate into the trial record the ownership of the land as shown by the records of the Department of the Interior. Whereupon counsel for the Indian Service stated in effect that according to the records of the Department of the Interior, the land in question had descended under the will of a deceased Indian named Meat in severalty to his devisees, appellees here, and that they separately owned the four separately described tracts of land. Thereupon, counsel for the Government advised the court that this was his first information that the land in question was owned in severalty by the Indian appellees; that he had proceeded in the case on the assumption that it was jointly owned. He moved for a mistrial in order that the four separately owned tracts might be separately valued and just compensation determined accordingly.

The court stated in substance that an order fixing title to the land had been entered at the request of counsel for the Government, who had knowledge of the facts at all times, and that the order would stand until it was set aside. The court went on to say that he would have consolidated the cases in any event, and overruled the motion for a mistrial. Counsel for the Government then took the stand to testify that title evidence furnished him by the Department of the Interior showed that the land was owned by the appellees "jointly or in undivided interests" and, based upon this information, he had prepared and submitted to the court the order fixing title. The case was submitted to the jury for a determination of value as one single unit or tract of land, and a joint verdict in favor of the appellees was returned in the amount of $20,000.00. Judgment was entered thereon, and this appeal followed.

Ownership in the land being several, causes of action for just compensation were of course separate and several, and although the causes of action may have been permissibly consolidated for trial convenience, See Rules 18 and 20, F.R.C.P., 28 U.S.C.A., a joint or collective judgment on the several causes of action would be improper and objectionable. Kohl et al. v. United States, 91 U.S. 367, 23 L.Ed. 449; Olympia Light & Power Co. v. Harris, 58 Wash. 410, 108 P. 940; Rudacille v. State Commission on Conservation, 155 Va. 808, 156 S.E. 829; Lewis on Eminent Domain, 3rd Ed., Sec. 767, p. 1369. It follows as a necessary corollary that in the discharge of its corresponding obligation to pay just compensation, the Government is entitled to have the value of severally owned tracts separately assessed. The situation is quite different where more than one person owns or claims a joint or undivided interest in condemned land. Meadows v. United States, 4 Cir., 144 F.2d 751; Carlock v. United States, 60 App. D.C. 314, 53 F.2d 926; United States v. 25.936 Acres of Land, 3 Cir., 153 F.2d 277.

If, therefore, at the inception of the trial, the court had determined to submit the value of the land to the jury as a single tract, over the objections of either the landowner or the Government, and had excluded proffered evidence of separate value, undoubtedly a joint judgment on a verdict based upon such proof would have been reversible error.

Conceding without deciding that in a proper case, the Government, like the landowner, may be held to have waived the right to insist upon separate valuations and judgments, see Scott v. City of Columbus, 109 Ohio St. 193, 142 N.E. 25, it is plain enough that the Government did not waive any such right in this case. It proceeded on a mistaken fact, and as soon as the truth became known to both parties, the Government asserted its right to have the tracts separately valued.

We think it was error for the trial court to submit the value of the land to the jury as a single unit of value. Nor is it admissible to say that the error is harm-

less on the assumption that if the value of the separate tracts had been submitted to the jury for separate verdicts, the result would have been the same. To so hold would assume a fact not in evidence. There is no evidence on which to base a finding that the gross award was equal to, or more or less, than the value of the four separately owned tracts. Cf. Public Service Co. v. Reitveld, 320 Ill. 56, 150 N.E. 403.

The Government interposed objections to certain remarks of landowners' counsel in his closing argument to the jury. The court overruled the objections, the challenged remarks are preserved in the record here, and are also assigned as reversible error.

It is sufficient to say, without repeating the remarks, that they were in part at least incorrect statements of applicable law, and by the court's ruling thereon, the jury was left to believe that they were relevant to a consideration of value. Since, in our judgment, the case must be reversed on other grounds, we deem it unnecessary to determine whether those remarks, when considered in isolation, were sufficiently prejudicial to require a reversal of the case without resort to, or an understanding of, the full context of the arguments. See Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561; Morgan v. Sun Oil Co., 5 Cir., 109 F.2d 178; Pietch v. United States, 10 Cir., 110 F.2d 817, 129 A.L.R. 563; Thomson v. Boles, 8 Cir., 123 F.2d 487.

The case is reversed.

PHILLIPS, Chief Judge (dissenting).

I agree that, if the tracts of land were separately owned, and if at the inception of the trial either the United States or the landowners had requested that the market value of each tract be established and separate awards fixed by the jury for each of such tracts, it would have been the duty of the trial court to grant such request.

But, here the United States, by the allegations of its petition to condemn, the order adjudicating title, drafted by its counsel and entered at its request, the evidence adduced on its behalf on the issue of value, and down to the time all the evidence had been introduced, proceeded as if the land was a single tract jointly owned.

The land passed to the present owners by the will of Meat, an Indian. That will and the approval thereof by the Secretary of the Interior, have been on file in the Department of the Interior throughout the pendency of these proceedings. Whether the land passed to the landowners separately or in joint ownership depends on the terms of that will. The terms of the will could have been readily ascertained by the Department of Justice by an inspection thereof in the Department of the Interior. Instead of so doing, Curtis P. Harris, a Special Attorney in the Department of Justice, relied upon information furnished to him by an agent or employee of the Department of the Interior. After the evidence had been closed and both sides had rested, H. E. Hyden, regional counsel for the Indian Service, and an employee of the Department of the Interior, stated that the records of that Department showed the land passed under the will in severalty to the devisees named therein. Mr. Harris then stated that the Department of the Interior had informed him that the landowners owned the land jointly and he had acted on that information. Counsel, appointed by the court below to represent the Indian landowners, wards of the United States, stated on the oral argument in this court that the only information he had as to the terms of the devises was the statement made by Mr. Hyden. It seems to me that the court had no way of determining which of the two statements, both emanating from the Department of the Interior, was correct other than by adjourning the trial and waiting until the will could be produced. The dilemma confronting the court was caused by the carelessness of counsel for the United States. The landowners and their counsel were blameless. Under that posture of the case, I do not think it was an abuse of discretion to refuse to adjourn the trial in order for counsel for the United States to obtain and produce the will or to refuse to put the landowners to the expense of a second trial in order to

relieve the United States from a mistake, if in fact the land was separately owned, which was due entirely to the carelessness of counsel of the United States.

Accordingly, I would affirm the judgment.