Allen **GOLDZWEIG** and Arnold Goldzweig, Plaintiffs-Appellants,

v.

**WINTERLAND CONCESSIONS CO.,** Defendant-Appellee.

Nos. 85 C 8137, 85 C 8138, 82 B 3854 and 82 A 1877.

United States District Court, N.D. Illinois, E.D.

July 23, 1986.

3. The award sought in Vinco's Third Amended Proof of Claim and the necessary reductions thereto are set forth below:

Award Requested

Fees
DD & S          $71,179.10
HSJ & C          11,251.25
PM & T            1,050.00
                 $83,480.35
Costs          $ 3,397.83

Total Fees & Costs   $86,878.18

Necessary Reductions
Costs                –0–

Fees
HSJ & C         $11,251.25
PM & T            1,050.00

| Fees | | Necessary Reductions |
|---|---|---|
| DD & S | 850.00 | ($5.00 per hour reduction of law clerk rates × 167.0 hours) |
| | 15.00 | ($5.00 per hour reduction of paralegal rates × 3.0 hours) |
| | 331.00 | (excess charge for motion to dismiss bankruptcy petition) |
| | 375.00 | (excess charge for conferences) |
| | 417.00 | (excess charge for reviewing Kaempfer documents and attendance at confirmation hearing) |
| | 190.00 | (disallowed charge for researching circumvention of Bankruptcy Court) |
| | 1,146.00 | (voluntary reduction per Stipulation with U.S. Trustee) |
| Total Reduction: | $15,625.25 | |

Hubachek & Kelly, Ltd., Chicago, Ill., for plaintiffs-appellants.

A. Donald Baumgartner, Chicago, Ill., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

In 1980, Winterland Concessions Co., d/b/a Winterland Products ("Winterland") brought suit against Allen Goldzweig and Arnold Goldzweig ("the Goldzweigs"). Winterland claimed that the Goldzweigs, along with other defendants, had illegally produced and sold "bootleg" tee-shirts upon which were imprinted the likenesses of various musical groups. Winterland had exclusive agreements with these musical groups to reproduce their images. The musical groups, fourteen in all, were joined as plaintiffs. On November 16, 1981, Judge Will entered final judgment for the plaintiffs and awarded them $825,612, plus $77,000 in attorney's fees (the "1981 Judgment"). All defendants were made jointly and severally liable for this amount. The order, however, did not allocate the Judgment among the various plaintiffs.

Subsequently, the Goldzweigs filed for bankruptcy. On May 20, 1982, Winterland filed a complaint in the bankruptcy proceeding. In its complaint, Winterland asked the bankruptcy court to determine that the 1981 Judgment was non-discharge-able under Section 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523(a)(6). None of the other fourteen plaintiffs joined in Winterland's Section 523(a)(6) claim.

On August 7, 1985, the bankruptcy court entered summary judgment in favor of Winterland. 54 B.R. 229. Bankruptcy Judge Toles determined that the 1981 Judgment was non-dischargeable and thus the Goldzweigs must pay the entire $902,612 to Winterland. The matter is now before this court on appeal by the Goldzweigs.

In their appeal, the Goldzweigs do not dispute that the entry of summary judgment was proper on the issue of whether the debt was non-dischargeable. Rather, they contend that it was error for Judge Toles to enter judgment for the entire $902,612. They argue that the 1981 Judgment was in favor of multiple plaintiffs, not just Winterland. The claims of the plaintiffs other than Winterland are discharged, because those plaintiffs have not filed a complaint within the time limits prescribed by Section 523(c) of the Bankruptcy Code and Rule 407 of the Rules of Bankruptcy Proceedings. Therefore, the argument goes, the Goldzweigs are liable to Winterland only for that portion of the 1981 Judgment to which Winterland is entitled, and the rest of the Judgment amount is discharged. The Goldzweigs contend that Judge Toles should have held a hearing to determine Winterland's share of the 1981 Judgment. This was required, they say, because "while defendants can be jointly and severally liable as defendants, plaintiffs are not jointly and severally the owners of a judgment entered on their behalfs." Brief of Appellant at 14.

The Goldzweigs cite no case in support of their argument that Winterland cannot recover the entire Judgment amount. The court could find no case which directly addresses the question either. However, the court agrees with Winterland that, since the 1981 Judgment is made in favor of all plaintiffs, the Judgment is necessarily joint and several as to all. (*See, United States v. Runner*, 174 F.2d 651 (10th Cir.1949)

implicitly approving joint and several judgment on action for single piece of property). Therefore, it cannot matter to the Goldzweigs to which of the judgment creditors they must pay the 1981 Judgment. The Goldzweigs are liable for the full amount of the 1981 Judgment; accordingly, the Order of the Bankruptcy Court is affirmed.