DECISION AND JUDGMENT ENTRY
{¶ 1} This is an action in prohibition. Relator, James K. Callahan II, claims that the respondent court has no jurisdiction or authority to allow David and Amy French to remain as party defendants in his underlying action to allocate parental rights and responsibilities and obtain legal custody of his minor child, Christopher Michael Vest, Case No. 20040058, Pickaway County Court of Common Pleas, Juvenile Division. The respondent Juvenile Division claims statutory jurisdiction and authority to include the Frenchs as parties and also maintains that the issue is moot because of an agreed judgment filed February 20, 2002, and that relator has committed laches.
 {¶ 2} The Probate Court of Franklin County placed the child with the Frenchs on or about February 11, 2000, pursuant to an adoption application through Catholic Social Services. In response to the adoption proceedings, relator filed a complaint for allocation of parental rights and responsibilities in the respondent court on May 3, 2000, naming as co-defendants the child's mother, Catholic Social Services, and John and Jane Doe.[1]
 {¶ 3} The probate court dismissed the adoption application on September 12, 2000, finding that R.C. 3107.07 required relator's consent to the adoption, and he had not consented. The probate court also referred the case to Pickaway County, where relator's action for allocation of parental rights and responsibilities was pending.
 {¶ 4} On September 15, 2000, relator filed a motion for temporary orders in his action for allocation of parental rights and responsibilities. On September 22, 2000, he filed a notice of dismissal of the Frenchs as parties to that action. On October 6, 2000, the Frenchs filed a motion to strike relator's notice of dismissal, claiming they were real parties in interest and that notice of the purported dismissal was not properly served on their counsel, and also filed a motion to intervene in the action even though they were then currently parties.
 {¶ 5} Respondent set the matter for hearing on October 13, 2000, but the hearing was apparently not held until September 4, 2001. In the meantime, the Frenchs appealed the adoption decision. The Court of Appeals for Franklin County affirmed the dismissal of the action on March 13, 2001, and the Supreme Court of Ohio declined jurisdiction on May 23, 2001.
 {¶ 6} On June 19, 2001, relator filed a motion in his action for allocation of parental rights and responsibilities to remove the Frenchs as parties. On July 5, 2001, the Frenchs responded with a memorandum contra relator's motion to remove them and their own motion for custody of the child. On September 4, 2001, respondent held a hearing in which he considered all outstanding motions. While conceding relator's right to dismiss the Frenchs voluntarily under Civ.R. 41(A), he, nevertheless,
granted their motion to intervene and overruled relator's motion to dismiss them as parties. Respondent then set the custody hearing in the underlying action for November 19, 20, and 21, 2001.
 {¶ 7} After several reschedulings, respondent held the custody hearing on January 30, 2002. On February 20, 2002, it filed an "agreed judgment" in which the parties agreed, among other things, that the Frenchs would be "residential custodians" of the child, that the "issues of permanent custody, [and] allocation of parenting time and support . . .
[would] be reviewed de novo as hereinafter ordered [apparently meaning the next scheduled hearing], or sooner upon application of any party
(emphasis added)," and that the "case . . . [would] be set for a review de novo January 30, 2003 at 9:00A.M.unless relief is applied for sooner
(emphasis added)."
 {¶ 8} Relator filed his complaint in this case on January 16, 2002, two weeks before the custody hearing, and more than four months after respondent overruled relator's motion to dismiss the Frenchs as parties and granted their motion to intervene. Respondent filed a motion to dismiss the complaint as moot, which we converted to a motion for summary judgment because it relied on matters outside the pleadings — i.e., a hand-written, preliminary copy of respondent's February 20, 2002 agreed judgment entry. At our direction, both parties have briefed the mootness issue and all other issues germane to issuing a writ of prohibition.
 {¶ 9} We find that respondent has statutory jurisdiction over the underlying action and authority to admit the Frenchs as parties to that action. We also find that relator has adequate remedies at law to protect his interests.
 {¶ 10} Respondent contends that the cause is moot because it has already ruled on the matter of custody. We reject this contention because a determination of whether respondent totally lacks jurisdiction is necessary.
 {¶ 11} Respondent also contends that relator has committed laches by not filing this action until January 16, 2002, more than four months after respondent overruled his motion to dismiss the Frenchs and granted the French's motion to intervene. To prove laches, respondent must show, among other things, that it was prejudiced by relator's unreasonable delay in filing his action. State ex rel. Polo v. Cuyahoga Cty. Bd. ofElections (1995), 74 Ohio St.3d 143, 145, 656 N.E.2d 1277. Respondent states that the prejudice occurred because it was forced to hold the custody hearing while this proceeding was still pending. Respondent's argument is unconvincing, especially since the result of the hearing was an entry based on the agreement of the parties, which conferred authority on respondent to make a temporary custody order, and there is no evidence respondent was deterred from making any lawful order it could otherwise have made.
 {¶ 12} To obtain a writ of prohibition, relator must prove (1) that respondent is about to exercise judicial or quasi-judicial power, (2) that it lacks authority to do so, and (3) that, if the writ is denied, relator will suffer injury for which there is no plain and adequate remedy in the ordinary course of law. State ex rel. Ruessman v.Flanagan (1992), 65 Ohio St.3d 464, 605 N.E.2d 31. Generally, the writ is prospective in nature and will be denied if respondent has already acted.State ex rel. LTV Steel Co. v. Gwin (1992), 64 Ohio St.3d 245,594 N.E.2d 616. However, when there is a total lack of jurisdiction, the writ may be issued to revoke an action already taken. State ex rel. Adamsv. Gusweiler (1972), 30 Ohio St.2d 326, 5 O.O.2d 387, 285 N.E.2d 22. Moreover, when there is a total lack of jurisdiction, the availability of appeal as an adequate remedy is immaterial. 30 Ohio St.2d at 329.
 {¶ 13} Respondent admits that it has exercised judicial authority in the underlying case by overruling relator's motion to dismiss the Frenchs as parties and granting their motion to intervene, but denies that it lacked jurisdiction or authority to do so and that relator has no plain and adequate remedy in the ordinary course of law. The admission establishes the first element of relator's burden of proof. As to the second element, however, respondent clearly has jurisdiction of the subject matter of the underlying action. R.C. 3111.06 states: The juvenile court has original jurisdiction of any action authorized under sections 3111.01 to 3111.19 of the Revised Code [actions for allocation of parental rights].
 {¶ 14} R.C. 2151.23 (A)(2) states: The juvenile court has exclusive original jurisdiction under the Revised Code as follows: . . . to determine the custody of any child not a ward of another court.
 {¶ 15} The child in the underlying case is not a ward of another court. The Probate Court of Franklin County referred the matter to respondent when it dismissed the Frenchs' adoption petition.
 {¶ 16} Respondent also has authority to include the Frenchs in the underlying case. R.C. 2151.23(F)(1) states: The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04, 3109.21 to 3109.36, and 5103.20 to 5103.28 of the Revised Code.
 {¶ 17} R.C. 3109.28 provides in part: If the court learns . . . that a person not a party to the parenting proceeding has physical custody of the child . . ., it shall order that person to be joined as a party and to be duly notified of the pendency of the proceeding and of his joinder as a party.
 {¶ 18} Therefore, respondent has jurisdiction of the subject matter and authority to include the Frenchs in the underlying action.
 {¶ 19} However, relator also claims that, in effect, respondent had no authority to continue custody with the Frenchs under In rePerales (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047. The Perales syllabus states: In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.
 {¶ 20} The court grounded this parental right of priority in the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States. 52 Ohio St.2d at 96. The Supreme Court of the United States has affirmed this constitutional basis of parental priority to the care and custody of their children on many occasions. See Troxel v.Washington (2000), 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49, and cases cited therein. Clearly, then, a court should read jurisdictional and enabling statutes in the light of a parent's constitutional right to care and custody of his child, deemed a "paramount" right in Clark v. Bayer
(1877), 32 Ohio St. 299, 310.
 {¶ 21} Clark and Perales are ultimately relevant to this case, but they do not affect respondent's jurisdiction and authority as relator implies. Relator has agreed to the present custody order. Constitutional rights may be waived by participating in proceedings without objection.Scott v. City of Columbus (1923), 109 Ohio St. 193, 142 N.E. 25. Moreover, under paragraph 5 of the agreed judgment, relator has power to withdraw his consent and apply for permanent custody and a determination of his suitability at any time.
 {¶ 22} Doubtless, respondent must make any permanent custody order in light of relator's paramount right under Clark and Perales, and in case of an adverse judgment, relator may appeal. Determinations of permanent custody are final, appealable orders. In re Masters (1956),165 Ohio St. 503, 60 O.O. 474, 137 N.E.2d 753. Moreover, should relator's attempt to gain custody be frustrated by consecutive, adverse, temporary custody orders without a determination of relator's suitability, the Supreme Court of Ohio has stated that habeas corpus would be an appropriate remedy: There may be certain extreme circumstances in which habeas corpus would lie where either one or a series of improperly entered emergency temporary custody orders is used solely to deprive natural parents of their paramount constitutional right to the care, custody, management of their children, . . . [citations omitted] without any findings as to parental suitability, and the best interests of the children. . . . Howard v. Catholic Social Services of Cuyahoga County,Inc. (1994), 70 Ohio St.3d 141, 637 N.E.2d 890.
 {¶ 23} Thus, relator has plain and adequate remedies in the ordinary course of law to redress any adverse custody order to which he has not consented.
 {¶ 24} Since relator has not shown that respondent lacks jurisdiction or authority to admit the Frenchs as parties in the underlying action and has not demonstrated that denial of the writ will adversely affect him in a way for which there is no plain and adequate remedy in the ordinary course of law, he has not established a right to the extraordinary writ of prohibition. Instead, the evidence shows that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law. Therefore, respondent's motion for summary judgment is GRANTED, and the writ is DENIED. Costs torelator.
Abele, P.J. Harsha, J.: Concur in Judgment and Opinion.
WRIT DENIED.
[1] The Does were subsequently identified as the Frenchs in respondent's agreed judgment entry of February 20, 2002. For consistency, they are referred to throughout this opinion as the Frenchs.